**GOLDBERG SEGALLA LLP**
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
(609) 986-1300
Fax: (609) 986-1301
Attorneys for Defendant
    Rawlings Sporting Goods Company, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, Individually and on behalf of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RAWLINGS SPORTING GOODS COMPANY, INC., <br><br> Defendant. | Civil Action No.: <br><br> **NOTICE OF REMOVAL AND COPIES OF ALL PROCESS AND PLEADINGS** |

TO:    **United States District Court**
         **District of New Jersey**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1453 and 1446, Defendant Rawlings Sporting Goods Company, Inc. ("Rawlings") by and through its attorneys, Goldberg Segalla LLP, submits this Notice of Removal from the Superior Court of New Jersey, Law Division, Bergen County, in which the above-captioned matter is now pending, to the United States District Court for the District of New Jersey. In support of said Notice, Defendant states as follows:

## Nature of Action

1. This is a class action involving, in part, claims under the New Jersey Consumer Fraud Act relating to Rawlings' alleged marketing and sale of certain products jointly referenced in the Complaint as "Power Balance Products". Accordingly, the Class Action Fairness Act ("CAFA"), codified in various sections of Title 28 of the United States Code including 28 U.S.C. § 1332(d) & 1453, is applicable to this Removal Petition.

2. Plaintiff's Complaint asserts that Rawlings marketed and sold the Power Balance Products through outlets "in this State and throughout the United States" and identifies, in part, members of the putative class as "purchasers of Power Balance Products from [Rawlings]" who "prior to purchasing the Power Balance Products, saw, read and/or heard [Rawlings'] advertisements, promises and representations[.]" (Complaint, ¶¶ 4 and 13.) Plaintiff's Complaint does not otherwise define or limit the class.

3. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings and orders served upon Rawlings are attached hereto as **Exhibit A.**

## Identity of Parties/Diversity

4. The individual plaintiff, Ian Steiner, is a resident of Bergen County, State of New Jersey. (Complaint, ¶ 1).

5. Rawlings is a corporation headquartered in Missouri and incorporated in Delaware. (Complaint, ¶ 2).

**Timeliness of Removal**

6.  Plaintiffs commenced this action on or about March 28, 2012, by filing a Civil Complaint in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. L-2427-12, and captioned as above.

7.  Plaintiff delivered by Federal Express addressed to Rawlings' registered agent in Delaware a copy of the Summons and Complaint on March 29, 2012.

8.  Therefore, this notice of removal is timely filed within thirty (30) days after receipt of the paper that provided evidence that this case is properly removable.

**Original Jurisdiction – Class Action Fairness Act**

9.  Although Rawlings does not concede that this action may be appropriately treated as a class action or that the plaintiffs, individually or otherwise, are entitled to any relief, this Court has original jurisdiction under CAFA, as the amount of controversy exceeds $5,000,000 exclusive of interest and costs, and this action is a putative class action in which at least one class member is a citizen of a state different from that of the named defendant, and the number of members in the aggregate is greater than 100.

10. Under CAFA, "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum of value of $5,000,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

11. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief). Senate Judiciary Committee Report, S. REP. 109-14, at 42. Moreover, the Senate Judiciary Committee's

Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum of $5,000,000, the court should err in favor of exercising jurisdiction over the case... Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

12.   When determining the amount in controversy, courts may consider, among other forms of damages, actual damages, consequential damages, statutory treble damages, statutory attorneys' fees, and statutory interest. *See, e.g., Frederico v. Home Depot*, 507 F.3d 188, 198-99 (3d Cir. 2007) (considering compensatory damages, treble damages, and attorneys' fees in evaluating amount in controversy in New Jersey Consumer Fraud Act case); *see also Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (holding that statutory damages must be considered in calculating amount in controversy); *VST Fin. Corp. v. Tartaglia*, 2010 WL 2776832, *6 n.3 (D.N.J. July 14, 2010) (considering consequential damages in determination of amount in controversy).

13.   Plaintiffs seek to recover the following damages in this case: treble damages, civil penalties under N.J.S.A. 56:8-19, compensatory damages, punitive damages, pre and post-judgment interest, costs and attorneys fees. (*See, e.g.*, Complaint, Count I and Count VI). Plaintiff's Complaint also seeks reimbursement of the full

amount of all purchases of Power Balance Products by the class.  (*See, e.g.*, Complaint, Count VII.

14. Rawlings' gross sales for the Power Balance Products since 2010 exceed $3.5 million, before any claim for trebling, civil penalties, punitive damages or statutory attorneys' fees. Additionally, the number of Rawlings' sales of Power Balance Products in the United States exceeds 240,000. (*See* Declaration of Brian Josephson, attached hereto as **Exhibit B**.)

15. Therefore, based on the allegations of the Complaint, which are denied, the amount in controversy exceeds $5,000,000 and the number of the putative class members in the aggregate is greater than 100. The Complaint itself states that the class of consumers "is believed to be so numerous that joinder of all members is impracticable". (Complaint, ¶ 25).

16. As set forth in ¶¶ 3 and 4, *supra*, there is complete diversity between the named plaintiff and Rawlings, and the "local controversy" or "home state" exceptions in 28 U.S.C. § 1332(d)(3) and § 1332(d)(4) do not apply.

17. Rawlings specifically denies that plaintiffs are entitled to damages in any amount and denies that plaintiffs are entitled to compensatory, punitive, treble, statutory or other damages.

### Written Notice of Removal

18. Notice of this filing is being served on plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d) simultaneously with the filing of this pleading.

19. Promptly after filing this Notice of Removal, a true copy will be filed with the Superior Court of the State of New Jersey, Law Division, Bergen County, in accordance with 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Rawlings Sporting Goods Company, Inc. files this Notice of Removal so that the entire State Court Action under Docket No. L-2427-12, now pending in the New Jersey Superior Court, Law Division, Bergen County, shall be removed to this Court for all further proceedings.

This 27th day of April 2012.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant
Rawlings Sporting Goods Company, Inc.


By: _____/s/ David S. Osterman_____
DAVID S. OSTERMAN
A Member of the Firm


To: Civil Clerk, Superior Court of New Jersey
Bergen County Justice Center
10 Main Street
Hackensack, NJ 07601

Harold M. Hoffman, Esq.
240 Grand Ave.
Englewood, NJ 07631