**HAROLD M. HOFFMAN, ESQ.**
Harold M. Hoffman (HMH5139)
 hoffman.esq@verizon.net
240 Grand Avenue
Englewood, New Jersey 07631
Telephone:   (201) 569-0086
Facsimile:    (201) 221-7890


**BESHADA FARNESE LLP**
Donald A. Beshada (DAB2909)
 dbeshada@gmail.com
108 Wanaque Ave.
Pompton Lakes, New Jersey 07442
Telephone:  (973) 831-9910
Facsimile:   (973) 831-7371

*Attorneys for Plaintiff Ian Steiner and
the Proposed Class*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, in his individual capacity and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>RAWLINGS SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive.<br><br>Defendant. | CASE NO:  12 CV 2531 (WJM)(MF)<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ian Steiner, individually and on behalf of all other similarly situated

purchasers (hereinafter "Plaintiff(s)" or "the Class") of the "Rawlings Power

Balance Performance Bracelet" bring this consumer class action against Rawlings

Sporting Goods Company, Inc. and John Does 1 through 10, inclusive

("Rawlings," the "Company," or "Defendants") for unconscionable, unfair and deceptive business practices, and false advertising in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*, and the common law.

## NATURE OF THE ACTION

1.      This is a class action for restitution, damages, injunctive, and related equitable relief against Rawlings related to Rawlings' false and misleading advertising of a flexible piece of rubber that it calls the "Rawlings Power Balance Performance Bracelet" (the "Rawlings Rubber Bracelet" or the "Product"). Among the knowingly false claims made by Rawlings about the Product is that the piece of rubber, somehow, provides consumers with increased energy.

2.      Rawlings is a leading manufacturer and marketer of sporting goods throughout the United States.  Rawlings boasts that it "dominates the industry" through its "technologically-advanced products," that (supposedly) "[enable] serious athletes to reach their full potential and achieve peak performance." Rawlings further brags that "[t]hrough its products, players and partnerships, Rawlings is unquestionably The Mark of a Pro."

3.      Unfortunately for the consuming public, Rawlings is also an active, knowing participant in an international fraud involving its sale and marketing of the Rawlings Rubber Bracelet.

4.      For years, the Company hawked the Rawlings Rubber Bracelet as one of its "technically advanced products" and boldly claimed that the Product would provide more energy to consumers, and make ordinary consumers more like popular, elite athletes.  In fact, during the class period, Rawlings described the product on its retail websites – www.rawlingsgear.com and www.shoprawlings.com -- as follows:

> Are you looking for increased Balance, Strength and Flexibility?  If so, then the Power Balance Performance

> Bracelet is the perfect fit for you.  Power Balance is performance technology that is a favorite among elite athletes and individuals that strive to perform at the top of their game, no matter what it is.  Power Balance holograms are embedded with frequencies that react positively with your body's natural energy fields.  When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram.  This results in improved energy flow throughout your body.

And, as follows:

> Power Balance is Performance Technology.  Made by athletes for athletes, Power Balance is a favorite amongst elite competitors, weekend warriors, and everyday fitness enthusiasts.  Power Balance holograms are embedded with frequencies that react positively with your body's natural energy fields.  When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram.  This results in improved energy flow throughout your body.

5.      In reality, the Rawlings Rubber Bracelet is nothing more than a piece of rubber (actually, mylar) wrapped, not around a magical, energy producing hologram, but rather a simple piece of ordinary photography film.  Indeed, there truly is no legitimate dispute about that, as the manufacturer and supplier of the bracelets (a now bankrupt company called Power Balance LLC) publically admitted – over 15 months ago – that any performance enhancing advertising claims about the rubber bracelets are false:

> …we stated that Power Balance wrist bands improved your strength, balance and flexibility.  We admit that there is no credible scientific evidence that supports our claims and therefore we engaged in misleading conduct….

6.     As for the magically imbedded holograms – or, in the words of Rawlings, the performance-enhancing, cutting-edge, energy increasing holograms – the President of Power Balance LLC has admitted that they were not made or tested (i) in any scientific fashion, (ii) in any scientific facility, and/or (iii) by any legitimate scientist.  Rather, they were "engineered" in the private, Laguna Niguel, California home (specifically, the master bedroom) of a pseudo-scientist named John Rodarmel.

7.     The "imbedding process" – or, in Rawlings' words, the process by which the magical "frequencies" (i.e., the things that Rawlings claims "interacts" with the human body to produce increased flexibility, strength, balance and "energy throughout your body") were "embedded" on the "hologram" (i.e., the piece of ordinary photography film) – took place, according to the Power Balance President, as follows:

> John turned on the machine….I don't know, 8 inches by 4 inches, maybe by 6 inches, so it's not very big.  And then it was hooked up to a mat, looked like kind of a rubber mat, maybe 2 feet by 2 feet, and you would place whatever it was that you wanted to expose to the frequencies within the mat, and you'd run the process.  So, they would make us leave the room when they ran the process, locked the room.  We came back in, and that was basically it.

8.     In reality, as evidenced from the Power Balance admission and sworn testimony about the way the performance-enhancing holograms were manufactured:

a.     The Rawlings Rubber Bracelets do not "increase Balance, Strength and Flexibility";

b.     The Rawlings Rubber Bracelets are not cutting-edge, technologically-

advanced, performance-enhancing, technology;

c.     The Rawlings Rubber Bracelets are not "made by athletes";

d.     The Rawlings Rubber Bracelets are not "embedded with frequencies that react positively with your body's natural energy fields";

e.     The Rawlings Rubber Bracelets do not "[allow] your body to interact with the natural, beneficial frequency stored with the hologram," since no such "frequency" was ever in the "hologram" to begin with; and,

f.     The Rawlings Rubber Bracelets do not "[result] in improved energy flow throughout your body."

9.     Simply put, Rawlings' photography film-wrapped rubber band provides no increased energy or health benefits to consumers.  Each and every advertising claim that Rawlings made touting the alleged health benefits of the Product was, and is, knowingly false.  In a word, Rawlings' advertising campaign about the Product was a straight-up scam designed to extract over $30.00 from unknowing consumers – for, literally, a rubber band.

10.     Rawlings markets the Product to a specific, targeted group of consumers.  In particular, consumers who are interested in increasing their energy and health, and those interested in physical fitness and sports.  Shamelessly, Rawlings also markets the Rawlings Rubber Bracelet to young adults and children who aspire to be the very "elite athletes" who, according to Rawlings, make and benefit from the Product.  Plaintiff is part of that group.

11.     Plaintiff was duped by Rawlings false claims of increased energy and health benefits and purchased the Rawlings Rubber Bracelet specifically in reliance on those claims.  If Plaintiff knew that the Product did not, actually, increase energy and provide health benefits, and that it did not have a health-increasing hologram in it, Plaintiff would not have purchased the Product.

Certainly, if Plaintiff knew the truth, he would not have spent approximately $30.00 on a glorified rubber band. No reasonable person would. All class members are similarly situated.

12.     Throughout the last six years (according to Rawlings' own statements), the Company has sold hundreds of thousands of Rawlings Rubber Bracelets to New Jersey and nationwide consumers through the false and unsubstantiated advertising claims. Rawlings should be ordered to pay restitution and damages to all of those consumers.

13.     Rawlings should also be permanently enjoined from making the false and misleading claims that appear on their websites and in their advertising for the Rawlings Rubber Bracelet. Simply put, the claims are *per se* false, according to public statements made by the manufacturer of the Product.

## THE PARTIES

14.     Plaintiff Ian Steiner is, and at all times relevant hereto was, an individual residing in Bergen County, New Jersey. On March 15, 2012, Plaintiff purchased the Product for personal use in New Jersey from an e-commerce website owned and controlled by Rawlings – www.rawlingsgear.com. Plaintiff paid $25.98, which included shipping and handling charges, for the Rawlings Rubber Bracelet. In purchasing the Product, Plaintiff relied upon advertising and other promotional materials appearing on the Rawlings websites touting the energy increasing and health benefits of the Product, and containing the misrepresentations alleged herein. Plaintiff did not receive the advertised benefits of the Product, and, specifically, did not receive any of the promised "increased energy" from the Product. Plaintiff suffered ascertainable loss in the amount of the purchase price of the Product, as it is worthless, and Plaintiff would not have purchased the Rawlings Rubber Bracelet had he known that Rawlings' claims about the product were false.

6

15.     Defendant Rawlings is a Corporation organized under the laws of the State of Delaware.  Rawlings maintains its corporate headquarters at 510 Maryville University Drive, Suite 110, St. Louis, Missouri 63141.  Rawlings, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of New Jersey.  Rawlings is the owner and distributor of the Product, and is the company that created and/or authorized the false, misleading and deceptive advertisements of the Product.  Rawlings is the owner and is in control of the websites  www.rawlingsgear.com  and www.shoprawlings.com, on which the false and misleading statements appear.

16.     The true names and capacities, whether individual, corporate, associate or otherwise of certain manufacturers, distributors and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these Defendants by fictitious names.  Plaintiff will seek leave of this Court to amend the operative Complaint to show the true names and capacities of said Doe Defendants when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in the State of New Jersey.  Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings and damages hereinafter set forth below.

17.     Plaintiff is informed and believes and based thereon alleges that at all times relevant herein each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

18.     In committing the wrongful acts alleged herein, Defendants planned and participated in the furthered a common scheme by means of false, misleading,

deceptive and fraudulent representations to induce members of the public to purchase the Rawlings Rubber Bracelet. Defendants participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

19.    Defendants, upon becoming involved with the advertising, distribution and sale of the Product and, in particular, the claims suggesting and/or outright stating that the Rawlings Rubber Bracelet can help consumers increase energy and garner other health benefits were false, deceptive and misleading. Indeed, since the first time that the Rawlings Rubber Bracelet was advertised, Defendants have been aware that they, individually and/or collectively, possess no competent and reliable scientific evidence to substantiate their claims about the purported benefits and efficacy of the Product and that all claims that they made about the Product were knowingly false.

20.    Defendants affirmatively misrepresented the "benefits" of the Product in order to convince the public to purchase the worthless Rawlings Rubber Bracelet, resulting in profits to Defendants, all to the damage and detriment of the consuming public. Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendants further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations and herein alleged.

## JURISDICTION AND VENUE

21.    This court has original jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d) ("Class Action Fairness Act"), in that, according to Rawlings, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are at least one hundred members of the proposed class, and at least one member of the proposed class is a citizen of a different state than Defendants.

22.     Venue in this Court is proper under 28 U.S.C. Section 1391 because Plaintiff suffered injuries/ascertainable loss as a result of Defendants' acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendants (1) are authorized to conduct business in this District and have intentionally availed themselves of the laws and markets of this District through the promotion, marketing, distribution, and sale of its products in this District; and (2) are subject to personal jurisdiction in this District.

## STATEMENT OF FACTS

### *Background*

23.     The exercise, sports and energy business is a multi-billion dollar per year industry. The category spans several types of services and products, including: personal training, sports nutrition and related dietary supplements, energy drinks, vitamin drinks, and sports and workout apparel.

24.     The market for such goods has exploded in recent years, with the "energy" category alone representing a billion dollar industry.  Seemingly, more and more every day, America is looking to "get fit," and, as a result, demand for exercise-related, energy-producing products has increased significantly amongst mainstream America.

25.     The increase in the popularity of health, fitness and energy within the general public has also spawned a significant increase in companies advertising products in the health, fitness and energy "space," and a good deal of professional athlete endorsements of sports and energy products.  These companies, with their history of involvement in sports and their professional athlete endorsers are seeking to "cash in" on America's current fascination with exercise, sports and energy.

26.     Unfortunately, the increase in fitness and energy popularity has also spawned a significant amount of false advertising for products that purport to

provide health benefits, including increased energy. In reality, though, those products do nothing. The model is simple and sinister – a sports apparel company (like Rawlings) utilizes its successful sports marketing history and "partnerships" to provide credence to these fraudulent products, dresses up an advertising campaign that "works in" the company's theme, and deceives consumers into believing that the product works. The company then collects a healthy profit from the unknowing consuming public.

### *The Rawlings Brand*

27.     As noted above, Rawlings is one of the leading sports apparel companies in the United States. The Company was formed in 1887 and has been supplying apparel – principely to the baseball industry – for decades.

28.     Rawlings proudly touts that it manufactures and distributes the Official Batting Helmet and Official Ball of Major League Baseball. Rawlings also has a long list of professional athlete endorsers, including Derek Jeter, Albert Pujols and Justin Verlander. All are accomplished Major League Baseball players. Indeed, they are the "superstars" of the game.

29.     Rawlings pulls out all the stops in advertising itself, stating:

> Rawlings Sporting Goods Company, Inc., a subsidiary of Jarden Corporation (NYSE:  JAH), is a leading manufacturer and marketer of sporting goods in the United States.  Since the company's inception in 1887, Rawlings mission has always centered on enabling participation by developing and producing innovative, high-performance equipment and protective apparel for the professional, amateur and entry-level player.
>
> By continuously developing technology-enhanced products, Rawlings dominates the industry with innovative new products, enabling serious athletes to reach their full potential and achieve peak performance ….Rawlings is the authentic and global authority on

protecting athletes' bodies from head-to-toe.

Rawlings advisory players – from yesterday's heros such as Roberto Clemente, Mickey Mantle, Stan Musial and Sadahara Oh to today's stars of Derek Jeter, Tim Lincecum, Albert Pujols and Justin Verlander – embody these five core values for their play and dominance in all aspects of the game and their character and integrity off-the-field as well.

….Rawlings is present everywhere team sports are played.  Leagues and conferences of all skill levels integrate Rawlings' unparalleled product portfolio into their sports:  as the Office Baseball Supplier and Official Helmet of Major League Baseball, the official baseball for the NCAA, the Official Uniform Provider of USA Football and Team USA, the official football for the NAIA, the official basketball for the NAIA, NJCAA and AAU, and the approved baseball, basketball, football and softball of the National High School Federation.

Through its products, players and partnerships, Rawlings in unquestionably The Mark of a Pro.

30.     Rawlings advertises itself in that fashion in order to gain the trust of the consuming public, so that they can sell more products, and make more money, from consumers.  Indeed, Rawlings integrates certain aspects of its general description in the advertising for its products, and, specifically, for the advertising of the Rawlings Rubber Bracelet.

31.     Rawlings does this to give its products the appearance of credibility and, with respect to the Rawlings Rubber Bracelet, to ensure that people believe Rawlings' false performance and energy producing claims about that product.

32.      In sum, Rawlings uses its brand, and its history of athletic endorsements, to support its advertising claims, in order to gain the confidence of

consumers.

### *The Rawlings Advertising for the Product*

33.     Throughout the class period, Rawlings vigorously advertised the Rawlings Rubber Bracelet on its retail websites – www.rawlingsgear.com and www.shoprawlings.com.  Rawlings hawked the product for, on average, $30.00 per unit, with an additional $5.00 - $10.00 for shipping and handling.

34.     Rawlings also sold the product through retail distributors and outlets, charging a similar price for the worthless bracelet.

35.     Rawlings used two (2) primary advertisements for the Rawlings Rubber Bracelet during the class period.  Those advertisements stated:

> Are you looking for increased Balance, Strength and Flexibility?  If so, then the Power Balance Performance Bracelet is the perfect fit for you.  Power Balance is performance technology that is a favorite among elite athletes and individuals that strive to perform at the top of their game, no matter what it is.  Power Balance holograms are embedded with frequencies that react positively with your body's natural energy fields.  When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram.  This results in improved energy flow throughout your body.

And:

> Power Balance is Performance Technology.  Made by athletes for athletes, Power Balance is a favorite amongst elite competitors, weekend warriors, and everyday fitness enthusiasts.  Power Balance holograms are embedded with frequencies that react positively with your body's natural energy fields.  When the hologram comes in contact with your body's energy field, it allows your body to interact with the natural, beneficial frequency stored with the hologram.  This results in improved energy flow throughout your body.

36.     All of the claims made in those advertisements were/are false, and Rawlings utilizing of those false advertisements to dupe consumers into purchasing the Rawlings Rubber Bracelets represents an unconscionable commercial practice.

### The "Power Balance Technology" Scam

37.     One of the largest scams to hit the sports, nutrition and energy marketplace in recent years involved Power Balance LLC and its purported "Power Balance Technology."  That is the very same "technology" referenced in Rawlings advertisements for the Product.

38.     Power Balance LLC initially began selling the "hologram infused" rubber bracelets several years ago.  The product was allegedly supported by something called "power balance technology."  That technology has been defined, by Rawlings as:  "performance technology [that] results in improved energy flow throughout your body," and which increases "Balance, Strength and Flexibility."

39.     The power balance technology and bracelets were marketed through professional athletes, endorsements by professional athletes and, in the case of Rawlings, by its reputation, brand and name.

40.     In late 2010, the power balance technology came under international scrutiny, with the Australian Competition and Consumer Commission ("ACCC") found that there were no health benefits associated with the "power balance technology" and that, essentially, the marketing of that technology was a multi, multi million dollar scam.

41.     ACCC required Power Balance to do multiple things to correct its false claims of increased strength, balance, flexibility and energy, essentially enjoining the use of those claims in the marketing of the power balance products, including the very same product marketed by Rawlings today.

42.     In December 2010, the "inventors" of the power balance technology publically admitted that the claims were false and misleading and that, essentially, the "health benefit" marketing campaign was a complete fraud.  Specifically, the company stated:  "…we stated that Power Balance wrist bands improved your strength, balance and flexibility.  We admit that there is no credible scientific evidence that supports our claims and therefore we engaged in misleading conduct…."

43.     Thereafter, the "technology" of the magical hologram was exposed in a sworn deposition of the Power Balance LLC President.  Amazingly, he stated that the embedding process – which, according to Rawlings' advertising is the "key" to the "technology" – was as follows:

> John turned on the machine….I don't know, 8 inches by 4 inches, maybe by 6 inches, so it's not very big.  And then it was hooked up to a mat, looked like kind of a rubber mat, maybe 2 feet by 2 feet, and you would place whatever it was that you wanted to expose to the frequencies within the mat, and you'd run the process. So, they would make us leave the room when they ran the process, locked the room.  We came back in, and that was basically it.

44.     In sum, a complete scam.

**Rawlings Continues to Sell the Product, and Make the False Claims, Even After the Scam is Exposed**

45.     The announcement of the power balance scam was made in December 2010.  It was widely known, by power balance partners and distributors, that the product was a farse, that it provided no health benefits to consumers, and that it was nothing more than a $30.00 rubber band.

46.     Notwithstanding its knowledge of that, Rawlings, amazingly, continued to make the very same health and efficacy claims about the Product, and

continued to use its name and brand to, literally, rip off the consuming public at $30.00 per piece, for at least 15 months after the announcement that the Product was a scam.

47.    And, if that is not enough, Rawlings also expanded its power balance product line after December 2010, to include the purported technology in batting gloves, catchers equipment and other sports apparel.  In selling those items to consumers, Rawlings continued to make the very same false claims about the Product, only in conjunction with the other items.

### Plaintiff's Purchase and Use of the Product

48.    Plaintiff purchased the Rawlings Rubber Bracelet on March 15, 2012.

49.    Plaintiff purchased the Product from Rawlings e-commerce website, www.rawlingsgear.com.

50.    Plaintiff relied on the advertisements that existed on the website at that time, and previous descriptions of the Product that Plaintiff had previously seen on the www.rawlingsgear.com website, in purchasing the Product.  In particular, Plaintiff relied on the health and efficacy claims contained in those advertisements, including the claim that the Product could increase one's energy levels.

51.    Plaintiff paid $25.98, which included charges for shipping and handling, for the Rawlings Rubber Bracelet.

52.    The Rawlings Rubber Bracelet produced none of the promised health benefits, and was useless to Plaintiff.

53.    Plaintiff suffered ascertainable loss in the amount of the purchase price of the Product and Plaintiff would not have purchased the Rawlings Rubber Bracelet had he known that Defendants' claims about the Product were false.

## CLASS ACTION ALLEGATIONS

54.    Plaintiff brings this lawsuit on behalf of himself and the proposed

plaintiff Classes under Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

55.     The proposed Classes are defined as:

**National Internet Purchaser Class**
All individuals who purchased the Rawlings Rubber Bracelet from the
www.rawlingsgear.com and www.shoprawlings.com websites in the
United States for personal use and not for resale during the time
period April 15, 2006 through the present.

**New Jersey Internet Purchaser Class**
All New Jersey residents who purchased the Rawlings Rubber
Bracelet from the www.rawlingsgear.com and
www.shoprawlings.com websites in New Jersey for personal use and
not for resale during the time period April 15, 2006 through the
present.

**National Retail Purchaser Class**
All individuals who purchased the Rawlings Rubber Bracelet in the
United States for personal use and not for resale during the time
period April 15, 2006 through the present.

**New Jersey Retail Purchaser Class**
All New Jersey residents who purchased the Rawlings Rubber
Bracelet in New Jersey for personal use and not for resale during the
time period April 15, 2006 through the present.

56.     Excluded from the Classes are Defendants' officers, directors, and
employees, and any individual who received remuneration from the Defendants to
act as an endorser of the Rawlings Rubber Bracelet.  Plaintiff reserves the right to
amend the Class definitions if further investigation and discovery indicates that the
Class definitions should be narrowed, expanded, or otherwise modified.

57.     The Classes comprise thousands of consumers throughout the United
States and New Jersey.  The Classes are so numerous that joinder of all members
of the Classes is impracticable.  All of the dispositive questions of law and fact are
common to the Classes.  The common questions include:

a       Whether Defendant engaged in deceptive and unfair business and trade practices;

b       Whether Defendant knowingly or negligently concealed or omitted material information concerning Rawlings Rubber Bracelet;

c       Whether the Classes have been injured by virtue of Defendant's negligence, carelessness, and/or deceptive business practices and conduct;

d       Whether the Classes are entitled to injunctive relief; and

e       Whether Defendant falsely and deceptively misrepresented in its advertisements and promotional materials, and other materials that the Rawlings Rubber Bracelet provides the benefits claimed by Defendant.

58.     Plaintiff's claims are typical of the claims of the proposed Classes, and Plaintiff will fairly and adequately represent and protect the interests of the proposed Classes.  Plaintiff does not have any interests that are antagonistic to those of the proposed Classes.  Plaintiff has retained counsel who are competent and experienced in the prosecution of this type of litigation and who have the resources to do so.  The questions of law and fact common to members the Classes, some of which are set out above, predominate over any questions affecting only individual members Classes.  Indeed, given the public admissions by Power Balance LLC that all health claims related to all Power Balance bracelets are false, and that such claims represent "misleading conduct," there is only a simple issue here – how much relief is the class entitled to.

59.     A class action is the superior method for the fair and just adjudication of this controversy.  The expense and burden of individual suits makes it impossible and impracticable for members of the proposed Classes to prosecute their claims individually.

60.     The trial and litigation of Plaintiff's and the proposed Classes' claims are manageable.  Defendants have acted and refused to act on grounds generally

applicable to the Classes, making appropriate final injunctive relief and declaratory relief with respect to the Classes as a whole.

61.     Unless an injunction is issued, Defendants will continue to commit the violations alleged herein, and the members of the proposed Classes and the general public will continue to be misled.

62.     If necessary, notice of this action may be affected to the proposed class in a manner provided in the Federal Rules of Civil Procedure, through contact information maintained in Defendants' records and through publication.

## COUNT ONE

### VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT
### (N.J.S.A. § 56:8-1, et seq.)

63.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

64.     Plaintiff brings this claim individually and on behalf of the proposed New Jersey Internet Purchaser Class and the New Jersey Retail Purchaser Class against Defendants.

65.     This Cause of Action arises under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq., and is brought on behalf of the Plaintiff and members of the Classes pursuant to §§ 56:8-19 and 56:8-2.12 of the Act.

66.     Section 56:8-2 provides, in relevant part:

The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

67.     Plaintiff and other members of the Classes are consumers who

purchased consumer goods (Rawlings Rubber Bracelet) pursuant to a consumer transaction for personal use and are, therefore, subject to protection under the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, et seq.

68.     Defendant manufactured, sold, distributed and/or advertised the Rawlings Rubber Bracelet and is subject to liability under such legislation for unfair, deceptive, fraudulent and unconscionable consumer sales practices.

69.     The acts, practices, misrepresentations, concealments, and omissions of material facts by Defendant made in connection with the sale and advertisement of the Rawlings Rubber Bracelet, and with the intent that others rely upon such concealment, suppression and omission, constitute unlawful practices within the meaning of the New Jersey Consumer Fraud Act.

70.     Defendant engaged in unlawful practices in the marketing and selling of the Rawlings Rubber Bracelet as set forth above.

71.     Defendant engaged in unconscionable practices in the marketing and selling of the Rawlings Rubber Bracelet as set forth above.

72.     As a result of the use and employment by Defendant of the unlawful acts, Plaintiff and the other members of the Classes have suffered an ascertainable loss of money or property and have been damaged thereby.

73.     Plaintiff and the other members of the Classes would not have purchased the Rawlings Rubber Bracelet if Defendant had disclosed that Rawlings Rubber Bracelet does not provide the advertised benefits.

74.     Under N.J.S.A. §§ 56:8-2.11, 56:8-2.12 and 56:8-19, Plaintiffs and the other members of the Classes are entitled to a refund of all moneys acquired by Defendant by means of the unlawful practices alleged above, as well as compensatory damages, including treble damages, attorneys' fees, and cost of suit.

**COUNT TWO**

## **FRAUD**

75.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

76.     Plaintiff brings this claim individually and on behalf of the proposed National Internet Purchaser Class, National Retail Purchaser Class, New Jersey Internet Purchaser Class, and the New Jersey Retail Purchaser Class against Defendants.

77.     Defendants represented, in a single, consistent and uniform manner, the alleged benefits of the Rawlings Rubber Bracelet.

78.     Defendants' statements about the Rawlings Rubber Bracelet as set forth more fully above are false.

79.     Defendants knew or should have known that the representations set forth herein were false when such representations were made and/or made the representations recklessly and without regard for the truth.

80.     Plaintiff and the Class reasonably relied upon Defendants' false representations in purchasing the Rawlings Rubber Bracelet.

81.     Defendants' misleading and fraudulent conduct was knowing, deliberate, wanton, willful, oppressive and undertaken in conscious disregard of, and with reckless indifference to, Plaintiff and members of the Classes' interest, and otherwise of the character warranting the imposition of punitive damages.

82.     Plaintiff and the Classes suffered real economic losses and harm as a result of Defendants' intentional misrepresentations and active concealment, as set forth specifically herein.

83.     Plaintiff's and the Classes' reliance on Defendants' representations were a substantial factor in causing the harm to Plaintiffs and the Classes.

## COUNT THREE

## UNJUST ENRICHMENT

84.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs as if fully set forth herein.

85.     As a result of Defendant's false and deceptive advertisements, promises and representations concerning the Rawlings Rubber Bracelet, and as a consequence of Defendant's unconscionable trade practices, its sharp and deceitful marketplace practices, and its false promises, all as aforesaid, the class members paid money to and conferred a benefit upon Defendant in connection with the sale of the Rawlings Rubber Bracelet by Defendant to class members, which benefit was received and continues to be retained by Defendant.

86.     Retention of that benefit without reimbursement by Defendant to all class members would be unjust and inequitable.

87.     Retention of that benefit by Defendant at the expense of all class members would be unjust and inequitable.

88.     Defendant, as a result of its false and deceptive conduct as aforesaid, became indebted to class members for the sums paid by class members to Defendant for purchase of a misrepresented product.  Retention of said sums, without reimbursement, would result in the unlawful, unjust and inequitable enrichment of Defendant beyond its lawful rights in connection with the sale of the Rawlings Rubber Bracelet to class members.

89.     All monies paid by class members to Defendant for purchase of the Rawlings Rubber Bracelet, including all interest earned by Defendant on such monies while in wrongful possession thereof,  should be disgorged by Defendant and reimbursed to class members under principles of unjust enrichment.

90.     As a proximate result of Defendant's conduct, members of the class were damaged.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the proposed Classes defined herein, pray for judgment and relief as follows:

A.      An order certifying that the action may be maintained as a Class Action;

B.      An order enjoining Defendants from pursuing the policies, acts, and practices complained of herein;

C.      An order requiring Defendants to pay restitution to Plaintiff and all members of the Classes;

D.      Actual Damages of Plaintiff and all class members;

E.      Actual Damages of Plaintiff and all members of the New Jersey Internet Purchaser Class and New Jersey Retail Purchaser Class, trebled in accordance with the CFA;

F.      Punitive Damages of Plaintiff and all class members;

G.      For pre-judgment interest from the date of filing this suit;

H.      Reasonable attorneys' fees;

I.      Costs of this suit; and

J.      Such other and further relief as the Court deems just and equitable.


DATED: May 31, 2012        **BESHADA FARNESE LLP**
Attorneys for Plaintiff


By:      /s/ Donald A. Beshada
DONALD A. BESHADA (DAB2909)
108 Wanaque Ave
Pompton Lakes, New Jersey 07442
Telephone:  973-831-9910
Facsimile:  973-831-7371

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Ian Steiner hereby demands a trial by jury of all issues so triable.

DATED: May 31, 2012                **BESHADA FARNESE LLP**
                                   Attorneys for Plaintiff


By:           /s/ Donald A. Beshada
          DONALD A. BESHADA (DAB2909)
          108 Wanaque Ave
          Pompton Lakes, New Jersey 07442
          Telephone:  973-831-9910
          Facsimile:  973-831-7371