IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, individually and on behalf of others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>RAWLINGS SPORTING GOODS COMPANY, INC.,<br><br>       Defendants. | No.  2:12-CV-02531<br><br>**CLASS ACTION** |

## DECLARATION OF DONALD A. BESHADA

I, Donald A. Beshada, declare and state as follows:

  1. I am a member of the Bar of the State of New Jersey and am a Partner at the law firm of Beshada Farnese LLP, counsel of record for Plaintiff Ian Steiner ("Plaintiffs") in this matter[1]. I have personal knowledge of all of the facts stated herein, and if called to testify as a witness, I could and would competently testify to them.

**Summary of the Litigation**

  2. The proposed settlement is the product of Plaintiff's Counsel's investigation and litigation of a series of "Rawlings Power Balance" products (the "RPB Products") marketed and sold by Defendant Rawlings Sporting Goods Company, Inc.

---

[1] My firm is also counsel of record to Matthew Goldberg, the representative plaintiff in a related action pending in the Superior Court for the State of California, County of Los Angeles.  Pursuant to the Settlement Agreement in the Steiner Action, Goldberg and his claims will be added to the Steiner Action for purposes of finalizing the classwide settlement.

1

3. My firm, along with attorney Harold Hoffman began investigating the RPB Products in or about March 2012 after being contacted by a consumer, Ian Steiner ("Steiner"), following his purchase of an RPB Product. In late-March, Steiner filed his initial Complaint against Rawlings alleging, among other things, that Rawlings falsely advertised the RPB Products and that they provided no benefit, whatsoever, to consumers. Shortly thereafter, Rawlings removed the matter to the United States District Court for the District of New Jersey.

4. Following removal, the Parties actively litigated through late March 2013. During that time period, Rawlings produced several thousand pages of documents related to the RPB Products, the sales of the RPB Products, and related matters that Steiner requested in discovery.

5. In late 2012, the Parties exchanged various proposals related to the potential resolution of the Action. In February 2013, the Court held a status conference and scheduled an in-person settlement conference for March 19, 2013. With the assistant of the Court, the Parties were able to reach a settlement in principle at the conference.

6. The parties reached a final, written agreement in mid-May, 2013.

**The Settlement Negotiations**

7. The proposed settlement agreement is the result of protracted, arms-length negotiations by experienced class action counsel over several months. Rawlings is represented by experienced counsel with the law firm of Goldberg Segalla, and the Parties heavily negotiated every aspect of the proposed settlement over several months.

8. As part of their decision to resolve this matter, Plaintiff engaged in a significant pre- and post-filing investigation of the RPB Products.

Plaintiff and his Counsel, among other things, confirmed certain allegations set forth in the Steiner action and nationwide sales data for the RPB Products.

**The Proposed Settlement**

9. A true and correct copy of the executed Settlement Agreement is attached hereto as **Exhibit A**.

10. The settlement achieves the goals of the lawsuit through a combination of injunctive relief and restitution to settlement class members. Specifically, the settlement provides for injunctive relief in the form of Rawlings' agreement to cease making efficacy claims about the RPB Products. In particular, Rawlings has agreed that it will not, in the future, make performance enhancement and other physical claims about the RPB Products, including that those products can increase a person's energy and/or assist with strength and balance.

11. In conjunction with this injunctive relief, Gaspari has agreed to make available cash refunds to consumers up to the full purchase price of the Rawlings Power Balance Performance Bracelet, and $10.00 per product for the other RPB Products.[2]

12. Under applicable consumer laws under the facts of this case, this recovery represents a significant refund for purchasers of the RFB Products.

**Plaintiffs' Investigation and Litigation of the RPB Products**

13. Plaintiff's Counsel thoroughly investigated and evaluated the strengths and weaknesses of this case before reaching the settlement, and

---

[2] The $10.00 refund for other RPB Products (batting gloves, catching equipment and apparel) represents recognizes that Rawlings likely has a strong argument that consumers received the total value of the bargain for those products, irrespective of anything related to the purported "Rawlings Power Balance technology."

3

then confirmed this information throughout the course of discovery. The information was comprehensively analyzed in order to assess the claims and review the information necessary related to the injunctive relief and monetary relief that forms the foundation of this settlement. Counsel also analyzed sales and other data to formulate and pass on the size of the consideration furnished here.

14. In examining the range of potential monetary recovery, the settlement provides full to "near full" restitution to Settlement Class Members on a per product basis. Indeed, with proper documentation, class members may receive up to the full purchase price of the RPB Products back from Rawlings.

15. In light of the Counsel's analysis and investigation, as well as the Court's comments and assistance at the Settlement Conference, Plaintiff's Counsel is convinced that this settlement is in the best interests of the Settlement Class based on the investigation, the settlement negotiations and our detailed knowledge of the issues presented herein.

16. Specifically, Plaintiff's Counsel balanced the proposed settlement against the probable outcome of motion(s) to dismiss, class certification and a trial on the merits. The risks of class certification, trial and the normal "perils" of litigation, as well as several specific defenses and issues, were all weighed in reaching the proposed settlement. The Court's comments and opinions from the March 19th Settlement Conference were also taken into consideration and, indeed, were extremely helpful to counsel in reaching the proposed settlement.

17. In sum, the proposed settlement came only after this case was fully investigated and partially litigated by experienced counsel. This litigation, as such, has reached the stage where Plaintiff has a clear view of

the strengths and weaknesses of the case sufficient to support the reasonableness of the Settlement Agreement and its terms.

**Efforts Of The Class Representatives**

18.   The Class Representative Plaintiff spent a considerable amount of time working with Mr. Hoffman and my firm in the investigation and prosecution of this action. In fact, none the benefits presented to the Settlement Class and achieved by this settlement would be possible without them, and their desire to come forward and act as class representatives.

19.   Steiner was instrumental in assisting in the investigation of the RPB Products, and he has, and will continue to vigorously prosecute and participate in this action on behalf of the class. The Class Representative does not have any conflicts of interest with the proposed Settlement Class, and the benefits achieved by this settlement demonstrate his commitment to this case and class members.

**Beshada Farnese LLP is Experienced and Qualified Class Counsel**

20.   Beshada Farnese LLP ("BF") represents parties involved in class action litigation and other complex matters.   BF specializes in litigation involving products that make health and health-performance related claims.   I have served as defense counsel to corporations and corporate officers in consumer class actions; multi-district litigation; Lanham Act litigation; Federal Trade Commission/State AG investigations – including proceedings by the New Jersey Attorney General under the Consumer Fraud Act;   California District Attorneys brought under the California Unfair Competition Law; and advertising challenges instituted by the United States Federal Trade Commissions and the National Advertising Division of the Better Business Bureau.

21. In addition to its defense practice, BF represents consumers in class action litigation. Recently, BF was appointed as lead or co-lead class counsel in the following matters involving products that made health and performance-related claims: *Wike v. HCG Platinum, LLC, et al.,* (Los Angeles Super. Ct. Case No. BC451080)("HCG Platinum" homeopathic and dietary supplements that made significant health claims), *Keller v. Gaspari Nutrition, Inc.* (C.D. Cal. Case No. 11-CV-06158-GAF-SHx)("Novedex XT" dietary supplement that made health and performance enhancement claims), and *Jensen v. Bainbridge & Knight, LLC* (Los Angeles Super. Ct. Case No. BC472174)("Lichi Superfruit" dietary supplement that made similar type claims). BF was recently provisionally appointed as class counsel in *Attlesey, et al. v. Optimum Nutrition Inc.* (Los Angeles Super. Ct. Case No. BC484769) ("Optimum" brand protein supplements that made physical performance claims), *Taromina, et al. v. Gaspari Nutrition, Inc.* (United States District Court for the Central District of California)("Spirodex" dietary supplement; same), and *Burmeister vs. NAC Marketing* (San Bernardino Super.Ct. Case No. CIVDS1213282).

22. Prior to forming BF, I was equity partner with the national law firm of Drinker, Biddle & Reath LLP. For the last fifteen years, my practice has focused on complex commercial litigation. I have served as lead defense counsel to several corporations in consumer and employment class actions in state and federal courts throughout the country. I have tried numerous complex commercial cases to verdict, including cases involving allegations of false advertising. In addition, for the better part of the last ten (10) years, my practice has focused on the litigation (both private and regulatory) of false advertising claims involving dietary supplements. In short, I have extensive experience on both the plaintiffs' and defense side of the practice.

23. Prior to forming BF with me in August 2010, Peter Farnese was an associate in the consumer class action group of the California-based law firm Milstein, Adelman & Kreger, LLP (now Milstein Adelman LLP) (hereafter "MAK"). Before joining MAK, he served as judicial extern to the Honorable Marjorie O. Rendell of the United States Court of Appeals for the Third Circuit. For the last six (6) years, his practice has focused, exclusively, on consumer class action litigation, with a particular emphasis on cases involving the advertising of dietary supplements, "functional" food, beverage, cosmetics, and other health-related products. While at MAK, Mr. Farnese served as class counsel, with MAK, in the several matters, including: *Wally v. CCA Industries, Inc.* (Los Angeles Super. Ct. BC422833)("Mega-T" dietary supplement); *Williams, et al. v. Biotab Nutraceuticals, Inc.* (Los Angeles Super. Ct. Case No. BC414808)("Extenze" dietary supplement); *Ceballos v. Fuze Beverage, LLC* (Los Angeles Super. Ct. Case No. BC 394521)("Fuze Healthy Infuzions" drinks); *Salcido v. Iomedix* (Los Angeles Super. Ct. Case No. BC387942)("ColdMD" dietary supplement); and *Fallon v. E.T. Browne Drug Co., Inc.* (Los Angeles Super. Ct. Case No. BC 411117)("Palmer's brand" Cocoa Butter for Stretch Marks).

24. The Class Representative has committed significant time to the prosecution of this action. Indeed, his willingness to come forward and act as class representative plaintiff was instrumental in bringing this case. Plaintiff has worked with counsel throughout the investigation of the RPB Products and has played an active role in reviewing documents, pleadings, and the settlement negotiations. Based on my experience, the proposed service award is reasonable and appropriate in light of the time Plaintiff has spent in the prosecution of this case, the risks associated with being a class representative plaintiff, and the benefits the settlement achieves for the

8

Settlement Class.  The same can be said for Matthew Goldberg, who serves as the class representative in the related *Goldberg vs. Rawlings Sporting Goods Company* action.

    I declare under penalty of perjury under the laws of the State of New Jersey and the United States of America that the foregoing is true and correct. Executed on June 1, 2013 at Pompton Lakes, New Jersey.

By:   /s/ Donald A. Beshada  
       Donald A. Beshada
