## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IAN STEINER, Individually and on behalf of those similarly situated,** | **2:12-cv-02531** |
| **Plaintiff** | |
| **vs.** | **STIPULATION OF SETTLEMENT** |
| **RAWLINGS SPORTING GOODS COMPANY, INC.,** | |
| **Defendant.** | |

## NATIONWIDE CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement dated_____, is by and between representative plaintiff Ian Steiner ("Steiner" or "Representative Plaintiff"), on behalf of himself and a class of similarly situated persons, on one hand, and Rawlings Sporting Goods Company, Inc. ("Rawlings" or "Defendant") and its respective affiliated companies, agents and representatives, on the other. The parties, by this Settlement Agreement, seek to resolve their differences and have agreed to the terms of the settlement set forth in this Settlement Agreement.

Representative Plaintiff believes that the claims asserted in this action have merit and that the evidence developed to date in the action supports the claims. Counsel for Representative Plaintiff, however, recognizes the expense and length of continued proceedings necessary to prosecute this action against Rawlings through trial and appeals. Counsel for Representative Plaintiff has also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Counsel for Representative Plaintiff is also mindful of the inherent problems of proof under, and possible defenses to, the causes of action asserted in the Complaint, including the defenses that will be asserted by Rawlings.

Defendant, for its part, has denied, and continues to deny, that it is liable for any

violations of law set forth in this action, or has engaged in any of the wrongful acts alleged in this action, and has asserted legitimate affirmative defenses to the claims in this action. Rawlings, however, also recognizes the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation.

In order to reach this Settlement Agreement, the parties engaged in arm's-length negotiations during which the parties exchanged information and emphasized the strengths of their respective cases,

In light of the foregoing, counsel for Representative Plaintiff believes that the settlement set forth in this Settlement Agreement confers substantial benefits to the Settlement Class and each of the Class Members. Based on their evaluation, counsel for Representative Plaintiff has determined that the settlement set forth in this Settlement Agreement is in the best interests of the Settlement Class and each of the Class Members, including the Representative Plaintiff.

Now, therefore, it is hereby stipulated and agreed by and between the undersigned parties, subject to the approval of the Court pursuant to *Federal Rules of Civil Procedure,* Rule 23 that the settlement of this action shall be effectuated pursuant to the terms and conditions set forth in this Settlement Agreement.

## <u>ARTICLE I – PREAMBLE</u>

1.      WHEREAS Representative Plaintiff Steiner is the named plaintiff in the above-captioned action entitled *Ian Steiner, individually and on behalf of those similarly situated, Plaintiff vs. Rawlings Sporting Goods Company, Inc., Defendant,* United States District Court for the District of New Jersey, Civil Action No. 2:12-cv-2532 (the "Steiner Action");

2.      WHEREAS Steiner alleges that he relied upon allegedly false and misleading statements made by Rawlings regarding the ability of Rawlings Power Balance Products to provide

certain benefits, and that such statements constitute fraud and violate New Jersey consumer protections laws and that Rawlings was unjustly enriched by making such statements;

3.        WHEREAS Steiner seeks to recover monetary and equitable remedies on behalf of himself and a class of similarly situated persons;

4.        WHEREAS Rawlings is the defendant in the Steiner Action and other pending actions – filed after the Steiner Action – which make identical or nearly identical claims to those asserted by Steiner.  Those actions are styled and include: a) *Matthew Goldberg v. Rawlings Sporting Goods Company, Inc.,* Case No. BC488646 (Cal. Sup Ct); and b) *Stacy Orlick v. Rawlings Sporting Goods Company, Inc.,* Case No.: 2:12-cv-06787 (C.D. Cal.) (collectively with the Steiner Action, the "Rawlings Actions");

5.        WHEREAS the parties have had a full and fair opportunity to evaluate the strengths and weaknesses of their respective positions;

6.        WHEREAS Rawlings denies the allegations of the Steiner Action, denies all allegations of wrongdoing and of liability, denies any causation of harm or damage to the Settlement Class, and has asserted legitimate affirmative defenses to the claims in the Steiner Action;

7.        WHEREAS Rawlings has nevertheless concluded that, in light of the costs, risks and disruption of litigation, this Settlement is appropriate on the terms and conditions set forth herein;

8.        WHEREAS, on August 10, 2012, the Court entered a Protective Order governing the protection and exchange of confidential information and material produced in connection with discovery in the Steiner Action;

9.        WHEREAS Steiner, in conducting due diligence on this settlement reviewed a substantial number of documents produced by Rawlings and continues to believe that the claims

asserted in the Steiner Action are meritorious;

10.     WHEREAS Steiner nevertheless has concluded that, in light of the costs, delay and risks of litigation of the matters in dispute, the risk that the Court will not certify his claims as a class action, particularly in complex class action proceedings, the risk of losing on the merits, and in the desire to provide relief to the class sooner rather than later, this Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class; and

11.     WHEREAS the performance of any act referenced in this Settlement Agreement, or any other circumstance regarding the parties' agreement to settle, shall not be considered an admission of liability or as an admission of any allegations made in the Rawlings Actions.

NOW THEREFORE, it is hereby stipulated and agreed that, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, and subject to approval of the Court, the Rawlings Actions shall be fully and finally settled and dismissed with prejudice under the following terms and conditions:

## ARTICLE II - DEFINITIONS

As used in this Settlement Agreement and the related documents attached hereto as exhibits, the terms defined below shall have the meanings set forth below.

1.     The singular includes the plural and *vice versa.*

2.     "Steiner Action" means the civil action entitled *Ian Steiner, on behalf of himself and all others similarly situated, Plaintiff v. Rawlings Sporting Goods Company, Inc., Defendant,* United States District Court for the District of New Jersey, Civil Action No. 2:12-2532.

3.     "Claim" means a claim for refund submitted by a Settlement Class Member.

4.     "Claim Period" means the sixty (60) day period to submit Claims, which period will

4

commence when the Notice is first published, or on a date to be determined by the Court. The Claims Period will end sixty (60) days after the date the Claims Period begins.

5.     "Class Counsel" means Donald A. Beshada of the law firm of Beshada Farnese LLP.

6.     "Class Period" means the time period from July 1, 2010 (no Rawlings Power Balance Products were sold prior to that time) until the date of the Order Granting Preliminary Approval.

7.     "Class-Related Releasing Parties" means all Settlement Class Members.

8.     "Class Released Claims" means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever, including, without limitation, claims for fraud, violations of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden, that were, have been or could have been, now, in the past, or in the future, asserted in the Steiner Action and Rawlings Actions, or any other actions through the date the Final Approval Order and Judgment is entered, including but not limited to: (i) whether the advertising for Rawlings Power Balance Products constitutes fraud; (ii) whether the advertising of Rawlings Power Balance Products violates any applicable laws, rules or regulations, including but not limited to state or federal laws, rules or regulations; (iii) whether Rawlings or any other person misrepresented the benefits and characteristics of Rawlings Power Balance Products; (iv) whether Rawlings or any other person made false or misleading statements when advertising Rawlings Power Balance Products; (v) whether Rawlings or any other person violated any provisions of the *New Jersey Consumer Fraud Act,* N.J.S.A. 56:8-1 *et seq.*; (vi) whether Rawlings or any other person engaged in fraudulent, unfair or unlawful business

practices in violation *of California Business & Professions Code* section 17200, *et seq.* and/or section 17500, *et seq.;* (vii) whether Rawlings or any other person violated any provisions of the *California Consumers Legal Remedies Act,* California Civil Code section 1750, *et seq.;* (viii) whether Rawlings or any other person violated any provisions of any state consumer protection law in connection with the sale, advertising and marketing of Rawlings Power Balance Products; and (ix) whether Rawlings or any other person were unjustly enriched. This release expressly includes any claims that were or could have been asserted in any action against Rawlings. "Class Released Claims" also means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever, including, without limitation, violations of any state or federal law, statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden, that could have been asserted in the Steiner Action or Rawlings Actions.

9.      "Class Representative" means Steiner.

10.     "Complaint" or "Complaints" means the operative complaints in each of the Steiner or Rawlings Actions referenced herein.

11.     "Court" means the United States District Court for the District of New Jersey.

12.     "Defendant" means Rawlings.

13.     "Effective Date" means the first date by which all of the following events shall have occurred: (a) the Court has entered the Preliminary Approval Order and (b) the Court has entered the Final Approval Order and Judgment.

14.     "Escrow Account" means the trust account to be mutually agreed upon by the parties to hold the Settlement Fund from Rawlings and from which the Settlement Administrator will make payment of Valid Claims of Settlement Class Members pursuant to this Settlement Agreement.

15.     "Escrow Agent" means a financial institution mutually agreeable to the parties' counsel.

16.     "Fee and Cost Application" means that written motion or application by which Counsel may request that the Court award attorneys' fees, costs, expenses and incentive awards.

17.     "Final" means that the Final Approval Order and Judgment has been entered on the docket in the Steiner Action.

18.     "Final Approval Hearing" means the hearing scheduled to take place at least sixty days after the date of entry of the Preliminary Approval Order at which time the Court shall: (a) determine whether to grant final approval to this Settlement Agreement and to certify the Settlement Class; (b) consider any timely objections to this Settlement and all responses thereto; and (c) rule on the Fee and Cost Application.

19.     "Final Approval Order and Judgment" means the order, substantially in the form of *Exhibit B* attached hereto, in which the Court grants final approval of this Settlement Agreement, certifies the Settlement Class, and authorizes the entry of a final judgment and dismissal of the Steiner Action with prejudice.

20.     "Goldberg Action" means the civil action entitled *Matthew Goldberg v. Rawlings Sporting Goods Company, Inc.,* Case No. BC488646 (Cal. Sup Ct).

21.     "Guaranteed Amount" means fifty thousand dollars ($50,000).

22.     "Rawlings" means Rawlings Sporting Goods Company, Inc.

23.     "Rawlings Released Parties" means (a) Rawlings; (b) Rawlings' counsel; (c) Rawlings' past, present, and future direct and indirect owners, brokers or parties in parity with Rawlings, Rawlings' parents, subsidiaries, and other corporate affiliates; (d) Rawlings' successors and predecessors and their past, present, and future direct and indirect owners, parents, subsidiaries, and

other corporate affiliates; (e) retailers or others selling Rawlings Power Balance Products (including but not limited to R-Blessings, Inc., Team Express Distributing, LLC, and Baseball Savings, Inc.); and (f) for each of the foregoing persons, each of their past, present, or future officers, directors, shareholders, owners, employees, representatives, agents, principals, partners, members, administrators, legatees, executors, heirs, estates, predecessors, successors, or assigns.

24.     "Rawlings' Counsel" means Goldberg Segalla LLP.

25.     "Rawlings Power Balance Bracelets" means the bracelet product referenced in plaintiff Steiner's Amended Complaint and which is also commonly known as a wristband, which contains the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram.

26.     "Rawlings Power Balance Non-Bracelet Products" means products other than "Rawlings Power Balance Bracelets" including batting gloves, necklaces, catcher's protective equipment, and apparel that contain the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram.

27.     "Rawlings Power Balance Products" means, collectively, "Rawlings Power Balance Bracelets" and "Rawlings Power Balance Non-Bracelet Products"

28.     "Preliminary Approval Order" means the order, substantially in the form of Exhibit A attached hereto, in which the Court grants its preliminary approval to this Settlement Agreement and preliminarily certifies the Settlement Class, authorizes dissemination of Notice to the Settlement Class, and appoints the Settlement Administrator.

29.     "Publication Notice" means the long-form and short-form notices, substantially in the form of Exhibits C and D attached hereto.  Pursuant to *Federal Rule of Civil Procedure* Rule 23(e), the long-form Publication Notice will be published on the Internet at the settlement website and the short-form Publication Notice will be disseminated: a) on Rawlings' Website

(http://www.Rawlings.com) and the websites of R-Blessings, Inc. (www.shoprawlings.com and www.rawlingsgear.com); (b) on Rawlings' Facebook page (http://www.facebook.com/rawlings); (c) *via* a national press release through PR Newswire; (c) *via* a one time one-quarter page advertisement in Baseball America; and (d) through Google and Yahoo key word search data containing a link to a claims administration website.

30.     "Request for Exclusion" means a valid request for exclusion from a member of the Settlement Class. To be valid, a request for exclusion must: (a) be submitted by the member of the Settlement Class; (b) be submitted to the Settlement Administrator and postmarked by a date not later than twenty-one (21) days before the Final Approval Hearing; (c) contain the submitter's name, address and telephone number; and (d) otherwise comply with the instructions set forth in the Publication Notice.

31.     "Settlement Administrator" means a qualified settlement administrator to be designated by the parties.

32.     "Settlement Agreement," "Settlement," or "Agreement" means this Stipulation of Settlement, including the attached exhibits.

33.     "Settlement Class" means all persons who purchased one or more Rawlings Power Balance Bracelets and or Rawlings Power Balance Non-Bracelet Products in the United States from July 1, 2010 until the date of the Preliminary Approval Order. Excluded from the Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this action, and (c) any and all judges and justices assigned to hear any aspect of this action.

34.     "Settlement Class Member" means any person within the Settlement Class who does not submit a timely and valid Request for Exclusion.

35.     "Settlement Fund" means the Guaranteed Amount plus – to the extent that the total of all Valid Claims exceed the Guaranteed Amount – up to an additional fifty thousand dollars ($50,000) for a total of one-hundred thousand dollars ($100,000).

36.     "Valid Claim" means a timely claim for reimbursement submitted by a Settlement Class Member that satisfies all the criteria to qualify for reimbursement established by the parties' counsel and the Settlement Administrator.

## ARTICLE III - SETTLEMENT CLASS RELIEF

In consideration of a full, complete, and final settlement of the Rawlings Actions, dismissal of the Rawlings Actions with prejudice, and the Releases in Article VIII below, and subject to the Court's approval, the parties agree to the following relief:

1.     Settlement Fund

Rawlings will fund a Settlement Fund of at least $50,000 and potentially up to $100,000. Valid Claims shall be paid from the Settlement Fund consistent with the provisions of this Settlement Agreement  Rawlings will make payment of the Settlement Fund into an Escrow Account in the amount determined by the Settlement Administrator to be necessary to satisfy all Valid Claims within thirty (30) days after (i) the Final Effective Date plus (ii) the exhaustion of any appeals of this Settlement or the expiration of the time within which any appeal of this settlement may be made with the United States Court of Appeals for the Third Circuit or the United States Supreme Court, as determined by the circumstances.

The Escrow Agent shall invest the Settlement Fund in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the

Settlement Fund and not by any of the parties.

Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

All funds held by the Escrow Agent shall be deemed and considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

The Escrow Agent shall not be responsible for the payment of any sums due to Settlement Class Members or other Persons, except to the extent of maintaining account of and appropriately paying sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account as required by this Stipulation. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct. The assumption of duties as Escrow Agent shall not preclude Plaintiffs' Lead Counsel from continuing to represent, as the case may be, Lead Plaintiffs or Class Members.

2.      Benefits to Nationwide Settlement Class Members

a.      The Settlement Fund will be used to pay Valid Claims submitted by Settlement Class Members.

b.      Any Settlement Class Member will be permitted to return for refunds any authentic Rawlings Power Balance Products that they have purchased since July 1, 2010 through the date of the Preliminary Approval Order.  Refunds will be paid to Settlement Class Members who make a Valid Claim as explained in more detail below:

i.  Settlement Class Members who make a Valid Claim, return an authentic Rawlings Power Balance Bracelet and submit proof of purchase for the bracelet from an

authorized seller of authentic Rawlings Power Balance Products will be entitled to receive up to 100% of the retail price for the returned bracelet(s), plus shipping costs in the amount of $2.00 per bracelet.

ii. Settlement Class Members who make a Valid Claim, return an authentic Rawlings Power Balance Bracelet, but do not submit proof of purchase for the bracelet from an authorized seller of authentic Rawlings Power Balance Products (a list of such sellers will be posted on the settlement website) will be entitled to receive $16.50 per bracelet, plus shipping costs in the amount of $2.00 per bracelet.

iii. Settlement Class Members who make a Valid Claim and submit proof of purchase for an authentic Rawlings Power Balance Non-Bracelet Product from an authorized seller of authentic Rawlings Power Balance Products will be entitled to receive $10.00 per product.

The Settlement Administrator will establish a website for the processing of Valid Claims through an online application procedure for consumers to seek refunds (the "Settlement Website"). Each claimant will be required to provide the following information: i) a U.S. mailing address; ii) a U.S. e-mail address (if applicable); iii) specification of the items being returned; iv) identification as gift or location of place of purchase; v) an affirmation that products were purchased on or after July 1, 2010, and prior to the date of the close of the Class Period. The Settlement Website will list the products eligible for returns as well as all authorized sellers of authentic Rawlings Power Balance Products.

c.   Within 30 days after (i) the Final Effective Date plus (ii) the exhaustion of any appeals of this Settlement or the expiration of the time within which any appeal of this settlement may be made with the United States Court of Appeals for the Third Circuit or the United States Supreme Court, as

determined by the circumstances, the Settlement Administrator will notify all claimants that they have 60 days to ship their Rawlings Power Balance Products for refunds. Pursuant to this Settlement, the Settlement Administrator shall have a right to reject the payment of any claim if the Settlement Administrator determines in good faith that the returned Rawlings Power Balance Products accompanying a claim are counterfeit. The Settlement Administrator will assume no responsibility to return counterfeit or other products that were not manufactured or sold by Rawlings. The Settlement Administrator will use its best efforts to inform any claimant who returns counterfeit or other products not eligible for a refund why they are not eligible for a refund.

      d.      If the aggregate value of all Valid Claims exceeds the Settlement Fund, the amount of reimbursement will be adjusted downward on a pro rata basis.

      e.      The Settlement Administrator will pay all Valid Claims from the Escrow Account as soon as practicable after the close of the period for submitting returns.

      f.      In the event that the Valid Claims do not exceed the Guaranteed Amount of $50,000, the remainder of those monies shall be distributed as follows: one-third to Babe Ruth for New Jersey, one-third to RBI (Major League Baseball's Revising Baseball in Inner Cities program), and one-third to a consumer protection organization to be agreed to by the Parties in advance of Preliminary Approval (the "Cy Pres Remaindermen").

      3.      <u>Equitable Relief and Future Conduct by Rawlings</u>

After the Final Approval Order and Judgment is entered, Rawlings agrees not to make in connection with new sales any of the statements set forth in Exhibit E ("Prohibited Claims") in product labeling, advertising or promotional materials. At such time, Rawlings agrees to address the Prohibited Claims by: a) removing any Prohibited Claims made by Rawlings from Rawlings' website and Rawlings' Facebook.com page within fifteen (15) days; b) discontinuing placement of

advertisements containing Prohibited Claims within ten (10) business days; c) discontinuing the printing of new packaging, brochures, point of sale, and other promotional materials containing the Prohibited Claims; d) discontinuing the use of any packaging, brochures, point of sale, and other promotional containing the Prohibited Claims at the earlier of exhaustion of Rawlings' inventory or ninety (90) days; and e) using its best efforts to remove postings by third-parties on Rawlings' website and Rawlings' Facebook.com page that include the Prohibited Claims.  It will not be a violation of the injunction if a posting including Prohibited Claims on these or other internet sites was either posted prior to the Effective Date of the Settlement or was posted by a third party.

It is specifically understood and agreed that Defendant shall be permitted without liability to distribute and sell to wholesalers, distributors and retailers (for resale to consumers) any remaining inventory until the sooner of: a) 90 days after the Effective Date; or b) the exhaustion of Rawlings Power Balance Product inventory for the Rawlings Power Balance Products using labels or finished goods that it possessed as of the date of the Final Approval Order and Judgment, or that are in the possession of the manufacturer, even if statements contained on Exhibit E and those referenced above appear on such labels. Nothing in this Settlement Agreement shall require Defendant to recall or "sticker" Rawlings Power Balance Products or point of sale materials for any Rawlings Power Balance Products that it sold to any wholesaler, distributor, retailer, or other person for resale to consumers.

Rawlings will use reasonable efforts to have retailers cease using the claims, and will transmit notice to internet distributors regarding the Prohibited Claims immediately after the Effective Date.

## **ARTICLE IV-TAXES**

1.      The Escrow Agent shall treat the Escrow Account as a "qualified settlement fund" for

purposes of §468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provision of this Article, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1 back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

2.      The Escrow Agent shall be the escrow account's "administrator" as that term is used in Treas. Reg. §1.468B-2. As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.,* (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §§1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this Article) shall be consistent with this Article and in all events shall reflect that all Taxes, as defined in subsection 3 below, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in this Article.

3.      All (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendant or its counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and

costs incurred in connection with the operation and implementation of this Article, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article (collectively, "Tax Expenses"), shall be paid out of the Settlement Fund; in all events neither Defendant nor its counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendant and its counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall timely be paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Settlement Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendant nor its counsel is responsible therefore, nor shall they have any liability therefore. The settling parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article.

## ARTICLE IV - NOTICE AND REQUESTS FOR EXCLUSION

1.      Notice

Publication Notice to the Settlement Class shall be provided in the forms approved by the Court in the Preliminary Approval Order, in the following formats:

a.      Written notice by Internet posting. The long-form of the Publication Notice shall be posted on the Internet at a website established by the Settlement Administrator commencing on the

first date on which notice is published under this Settlement Agreement.

       b.      Written notice published in short form one time only in Baseball America (one-quarter page size).

       c.      Websites. Defendant also shall have the short-form Publication Notice and a link to the Settlement Website established by the Settlement Administrator posted on the websites http://www.rawlings.com, http://www.facebook.com/rawlings, http://www.shoprawlings.com and http://www.rawlingsgear.com. The link shall state "click here for Rawlings Power Balance class action settlement information," or substantially similar directions. The link shall provide access to the Settlement Website established by the Settlement Administrator, and shall remain posted on the above websites throughout the sixty-day Claim Period.  A key word search internet link will also be established with Google and Yahoo key word searches with link to the Settlement Website established by the Settlement Administrator

       d.      Written notice in short form via a national press release through PR Newswire.

       The Publication Notice shall be substantially in the same forms as the exemplars submitted as Exhibits C and D. The Publication Notice shall be published promptly after entry of the Preliminary Approval Order on dates to be agreed upon by the parties so as to provide the best practicable notice to the Settlement Class. The parties and the Settlement Administrator shall use best efforts to cause the Publication Notice to commence within 30 days from the date of the Preliminary Approval Order, and to conclude at the end of the Claim Period. The publication of the Publication Notice shall be administered by the Settlement Administrator.

       e.      Direct written notice.  To the extent purchasers of Rawlings Power Balance Products can be identified from data from www.rawlingsgear.com and or www.shoprawlings.com, the long-form of the Publication Notice shall be sent to the purchasers by email at any email address provided

by the purchaser or, if no email address is identified, by mail.

2.        Declarations of Compliance

The Settlement Administrator shall prepare a declaration attesting to compliance with the publication requirements set forth above. Such declaration shall be provided to Class Counsel and Rawlings' Counsel and filed with the Court no later than five days prior to the Final Approval Hearing.

3.        Best Notice Practicable

The parties agree, and the Preliminary Approval Order shall state, that compliance with the procedures described in this Article is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Rawlings Actions, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and shall satisfy the requirements of the *Federal Rule of Civil Procedure,* Rule 23, the United States Constitution, and any other applicable law.

4.        Report on Requests for Exclusion

Not later than ten days before the Final Approval Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and Rawlings' Counsel, a report stating the total number of persons that have submitted timely and valid Requests for Exclusion from the Settlement Class, and the names of such persons. Such persons will not be entitled to receive any relief under this Settlement Agreement.

5.        Inquiries from Settlement Class Members

It shall be the responsibility of the Settlement Administrator to establish procedures for receiving and responding to all inquiries from Settlement Class Members with respect to this Settlement. Rawlings and Rawlings' counsel may respond, but are not required to respond, to such

inquiries.

## ARTICLE VI - COURT APPROVAL OF SETTLEMENT

1. <u>Preliminary Approval</u>

As soon as practicable after the execution of this Settlement Agreement, Class Counsel and Rawlings' Counsel shall jointly apply for entry of the Preliminary Approval Order in the form of Exhibit A hereto. The Preliminary Approval Order shall include provisions: (a) preliminarily certifying the Settlement Class for settlement purposes only; (b) preliminarily approving this Settlement Agreement and finding this Settlement Agreement sufficiently fair, reasonable and adequate to allow notice to be disseminated to the Settlement Class; (c) approving the form, content, and manner of the notice; (d) setting a schedule for proceedings with respect to final approval of this Settlement Agreement; (e) providing that, pending entry of a Final Approval Order and Judgment, no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Rawlings asserting any of the Class Released Claims; and (f) staying the Rawlings Actions, other than such proceedings as are related to this Settlement Agreement.

2. <u>Objections to Settlement Agreement</u>

Any Settlement Class Member wishing to object to or to oppose the approval of this Settlement Agreement and/or the Fee and Cost Application shall file a written objection (with a statement of reasons) with the Court and serve it on Class Counsel and Rawlings' Counsel at least twenty-one days before the date of the Final Approval Hearing. The objecting Settlement Class Member shall also appear and speak at the Final Approval Hearing concerning the Settlement Class Member's objection to the Settlement Agreement, in order to have standing to raise any objection and/or any appeal related to the Court's decision on that objection. Any Settlement Class Member that fails to both provide a timely written objection and appear and speak at the Final Approval Hearing shall be

foreclosed from making such objection or opposition. Steiner will file with the Court his brief in support of final settlement approval, in support of final certification of the Settlement Class, and in response to any objections at least seven days before the date of the Final Approval Hearing. Any Settlement Class Member that fails to file a timely written objection and to appear and speak at the Final Approval Hearing shall have no right to file an appeal relating to the approval of this Settlement Agreement.

3.      Final Approval Hearing

The parties shall request that the Court, on the date set forth in the Preliminary Approval Order, or on such other date that the Court may set, conduct a Final Approval Hearing to: (a) determine whether to grant final approval to this Settlement Agreement and to certify the Settlement Class; (b) consider any timely objections to this Settlement Agreement and the parties' responses to such objections; (c) rule on the Fee and Cost Application; and (d) rule on any applications for incentive awards. At the Final Approval Hearing, the parties shall ask the Court to give Final approval to this Settlement Agreement. If the Court grants Final approval to this Settlement Agreement, then the Parties shall ask the Court to enter a Final Approval Order and Judgment, substantially in the form of Exhibit B attached hereto, which approves this Settlement Agreement, certifies the Settlement Class, authorizes entry of a Final Approval Order and judgment, and dismisses the Rawlings Actions with prejudice.

4.      Disapproval, Cancellation, Termination or Nullification of Settlement

a.      Each party shall have the right to terminate this Settlement Agreement if either (i) the Court denies preliminary approval or final approval of this Settlement Agreement, (ii) the Settlement Class is not certified by the Court, or (iii) the Final Approval Order and Judgment does not become Final by reason of a higher court reversing final approval by the Court, and the Court thereafter

declining to enter a further order or orders approving settlement on the terms set forth herein. If a party elects to terminate this Settlement Agreement under this paragraph, that party must provide written notice to the other parties' counsel within 21 days of the occurrence of the condition permitting termination. Such written notice shall be provided by hand delivery or e-mail to the parties' counsel.

      b.    If this Settlement Agreement is terminated pursuant to its terms, then: (i) this Settlement Agreement shall be rendered null and void; (ii) this Settlement Agreement and all negotiations and proceedings relating hereto shall be of no force or effect, and without prejudice to the rights of the parties; and (iii) all parties shall be deemed to have reverted to their respective status in each of the Rawlings Actions as of the date and time immediately preceding the execution of this Settlement Agreement and, except as otherwise expressly provided, the parties shall stand in the same position and shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed, entered into, or filed, except that the parties shall not seek to recover from one another any costs incurred in connection with this Settlement Agreement.

### ARTICLE VII - ADMINISTRATIVE EXPENSES, ATTORNEYS' FEES, COSTS

1.    <u>Costs of Notice</u>

All costs of providing the Publication Notice as provided herein, including the costs of publishing the notice, shall be paid for by Rawlings.

2.    <u>Costs of Administering Settlement</u>

All costs of administering this Settlement, including all fees of the Settlement Administrator and the costs of generating and mailing any checks to be issued as part of this Settlement, shall be paid for by Rawlings. In the event that this Settlement Agreement is terminated pursuant to its terms, Defendant shall bear any costs of administering this Settlement already incurred.

3.     Attorneys' Fees and Costs

Steiner and/or Class Counsel may make a Fee and Cost Application to be heard at the Final Approval Hearing seeking an award of attorneys' fees in an amount not to exceed $120,000. Defendant will not oppose or undermine the application or solicit others to do so. Attorneys' fees and costs that are approved by the Court shall be paid by Rawlings within five (5) days after the Effective Date.

4.     Incentive Awards

Representative plaintiff Ian Steiner may make an application to be heard at the Final Approval Hearing for an incentive award to be paid by Rawlings in an amount not to exceed $1,500.

Representative plaintiff in the Goldberg Action, Matthew Goldberg, may also make an application to be heard at the Final Approval Hearing for an incentive award to be paid by Rawlings in an amount not to exceed $1,500.

Defendant will not oppose or undermine these applications or solicit others to do so. These payments shall be compensation and consideration for the efforts of the class representatives in bringing about this Settlement.

5.     Effect on Settlement

The parties agree that the rulings of the Court regarding the amount of attorneys' fees or costs and any incentive award, and any claim or dispute relating thereto, will be considered by the Court separately from the remaining matters to be considered at the Final Approval Hearing as provided for in this Settlement Agreement and any determinations in that regard will be embodied in a separate order. Any order or proceedings relating to the amount of attorneys' fees or incentive award(s), including any appeals from or modifications or reversals of any order related thereto, shall not operate to modify, reverse, terminate, or cancel the Settlement Agreement, affect the releases provided for in the Settlement Agreement, or affect whether the Final Approval Order and Judgment

becomes Final as defined herein.

## ARTICLE VIII - RELEASES UPON EFFECTIVE DATE

1.  Binding and Exclusive Nature of Settlement Agreement

On the Effective Date, the parties and each and every Settlement Class Member shall be bound by this Settlement Agreement and shall have recourse exclusively to the benefits, rights, and remedies provided hereunder. No other actions, demand, suit or other claim may be pursued against Rawlings with respect to the Class Released Claims.

2.  Releases

On the Effective Date, the Class-Related Releasing Parties shall be deemed to have, and by operation of this Settlement Agreement shall have, fully, finally and forever released, relinquished and discharged Rawlings from any and all of the Class Released Claims. Such release is valid whether or not such Class Member executes and delivers a Valid Claim, and such claims will be dismissed with prejudice. This release expressly includes any unknown claims.

3.  Stay and Dismissal with Prejudice of The Action

The parties agree to request that the Court, in connection with preliminary approval of the Settlement, issue an immediate stay of the Steiner Action and, ultimately, a dismissal with prejudice of all Rawlings Actions, including a dismissal of any and all Doe defendants.

Pending the entry of Final Approval and Judgment, the parties agree to cooperate in seeking a stay of all related actions in state and federal court, including all Rawlings Actions. Class Counsel agree to cooperate in obtaining stays in cases for which they are not listed as plaintiffs counsel.

4.  Waiver of Unknown Claims, Including California Civil Code Section 1542 and Similar Laws, Rules or Regulations

On the Effective Date, the Class-Related Releasing Parties shall be deemed to have, and by

operation of this Settlement Agreement shall have, with respect to the subject matter of the Class Released Claims, expressly waived the benefits of any statutory provisions or common law rule that provides, in sum or substance, that a general release does not extend to claims which the party does not know or suspect to exist in its favor at the time of executing the release, which if known by it, would have materially affected its settlement with any other party, In particular, but without limitation, the Class-Related Releasing Parties waive the provisions of *California Civil Code* § 1542 (or any like or similar statute or common law doctrine), and do so understanding the significance of that waiver. Section 1542 provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Neither this paragraph nor any other provision of this Settlement Agreement shall be construed to effectuate a general release of claims. The releases provided for in this Settlement Agreement are limited to the Class Released Claims as defined in Article II above.

Steiner hereby further represents and warrants that he has been fully advised by counsel of his own choosing regarding the rights and/or benefits afforded by *California Civil Code* § 1542, or that he has had the opportunity to be so advised by counsel and has chosen not to do so, and that the foregoing waiver and relinquishment of any and all rights under *California Civil Code* § 1542 and any other statute or common law principal of similar effect was knowingly and voluntarily made.

5.    <u>Assumption of Risk</u>

In entering into this Settlement Agreement, each of the parties assumes the risk of any mistake

of fact or law. If either party should later discover that any fact which the party relied upon in entering this Settlement Agreement is not true, or that the party's understanding of the facts or law was incorrect, the party shall not be entitled to modify, reform, or set aside this Settlement Agreement, in whole or in part, by reason thereof. The parties agree that at the time this Settlement Agreement was executed, there were unsettled issues of law, and the parties agree to honor this Settlement Agreement regardless of developments in the law after execution; specifically, the class representatives and Class Counsel recognize and agree that, given these uncertainties in the law, the class representatives and Class Counsel are receiving valuable consideration for the Settlement of the Rawlings Actions at this time and per the terms of this Settlement Agreement. The parties will advocate for Court approval of this Settlement Agreement.

## ARTICLE IX - LIMITATIONS ON USE OF SETTLEMENT AGREEMENT

1.      <u>No Admission</u>

Neither the acceptance by Defendant of the terms of this Settlement Agreement nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims alleged in the Complaint, the validity of any claims that could have been asserted by any of the Settlement Class Members in the Complaint, or the liability of any defendant in the Steiner and Rawlings Actions. Rawlings specifically denies any liability or wrongdoing of any kind associated with the claims alleged in the Steiner Action and Rawlings Actions. Neither the acceptance by Steiner of the terms of this Settlement Agreement, nor any of the related negotiations or proceedings constitutes an admission with respect to the merits of the claims alleged in the Steiner and Rawlings Actions.

2.      <u>Limitations on Use</u>

This Settlement Agreement shall not be used, offered, or received into evidence in the

Rawlings Actions for any purpose other than to enforce, to construe, or to finalize the terms of the Settlement Agreement and/or to obtain the preliminary and final approval by the Court of the terms of the Settlement Agreement. Neither this Settlement Agreement nor any of its terms shall be offered or received into evidence in any other action or proceeding.

## ARTICLE X - MISCELLANEOUS PROVISIONS

1.    Amendment of Complaint; Class Certification

Within seven (7) days of the Court's entry of the Preliminary Approval Order, Steiner shall file a Second Amended Complaint in the same form as the First Amended Complaint, amended only inasmuch as necessary to define class members as those purchasing Rawlings Power Balance Bracelets and Rawlings Power Balance Non-Bracelet Products.  Defendant shall stipulate to the filing of the Second Amended Complaint, solely for purpose of this Settlement and without prejudice to its rights absent this Settlement.  Should this Settlement not be finalized for any reason, the parties shall stipulate to an order striking the Second Amended Complaint, and the First Amended Complaint shall be the operative pleading in the Steiner Action.

2.    No Assignment

Each party represents, covenants, and warrants that he, she or it has not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber any portion of any liability, claim, demand, cause of action, or rights that he, she or it herein releases.

3.    Binding on Successors-In-Interest

This Settlement Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, trustees, executors, and any other legally-recognized successor-in-interest.

4.    Captions

Titles or captions contained herein are inserted as a matter of convenience and for

reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision hereof. Each term of this Settlement Agreement is contractual and not merely a recital.

5.      Class Member Signatures

It is agreed that, because the Settlement Class Members are so numerous, it is impractical to have each Settlement Class Member execute this Settlement Agreement. The Publication Notice will advise all Settlement Class Members of the binding nature of the Class Released Claims and of the remainder of this Settlement Agreement, and in the absence of a valid and timely Request for Exclusion, such Publication Notice shall have the same force and effect as if each Settlement Class Member executed this Settlement Agreement.

6.      Construction

The parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive arm's-length negotiations between the parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party, or his, her or its counsel, participated in the drafting of this Settlement Agreement.

7.      Counterparts

This Settlement Agreement and any amendments hereto may be executed in one or more counterparts, and either party may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and both of which counterparts taken together shall constitute but one and the same instrument. A facsimile or pdf signature shall be deemed an original for all purposes.

8.      Governing Law

Construction and interpretation of the Settlement Agreement shall be determined in

accordance with the laws of the State of New Jersey, without regard to the choice-of-law principles thereof.

9.     Integration Clause

This Settlement Agreement, including the Exhibits referred to herein, which form an integral part hereof, contains the entire understanding of the parties with respect to the subject matter contained herein. There are no promises, representations, warranties, covenants, or undertakings governing the subject matter of this Settlement Agreement other than those expressly set forth in this Settlement Agreement. This Settlement Agreement supersedes all prior agreements and understandings among the parties with respect to the Settlement of the Rawlings Actions. This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the parties and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the parties.

10.     Jurisdiction

The Court shall retain jurisdiction, after entry of the Final Approval Order and Judgment, with respect to enforcement of the terms of this Settlement, and all parties and Settlement Class Members submit to the exclusive jurisdiction of the Court with respect to the enforcement of this Settlement and any dispute with respect thereto.

11.     No Collateral Attack

This Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member at any time on or after the Effective Date. Such prohibited collateral attacks shall include, but shall not be limited to, claims that a Settlement Class Member's claim was improperly denied, that the payment to a Settlement Class Member was improperly calculated, and/or that a Settlement Class Member failed to receive timely notice of the Settlement Agreement.

12.    Parties' Authority

The signatories hereto represent that they are fully authorized to enter into this Settlement Agreement and bind the parties to the terms and conditions hereof.

13.    Receipt of Advice of Counsel

The parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, have received legal advice with respect to the advisability of entering into this Settlement, and fully understand its legal effect.

14.    Waiver of Compliance

Any failure of any party to comply with any obligation, covenant, agreement, or condition herein may be expressly waived in writing, to the extent permitted under applicable law, by the party or parties entitled to the benefit of such obligation, covenant, agreement, or condition. A waiver or failure to insist upon compliance with any representation, warranty, covenant, agreement, or condition shall not operate as a waiver of, or estoppel with respect to, any subsequent or other failure.


Attorneys for Representative Plaintiff and          Attorneys for Defendant Rawlings Sporting
Proposed Class                                      Goods Company, Inc.


By: _____               By: _____
        Donald A. Beshada                                  David S. Osterman
        BESHADA FARNESE LLP                                GOLDBERG SEGALLA LLP


                                                   B. D. JOSEPHSON
                                                   CFO

_____       5/10/13
Ian Steiner

_____       5/14/13
Matthew Goldberg

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IAN STEINER, Individually and on behalf of those similarly situated, | : | Civil Action No.: 2:12-cv-02531 |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| RAWLINGS SPORTING GOODS COMPANY, INC., | : | |
| | : | |
| Defendant. | : | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the action (the "Steiner Action") currently pending before this Court concerns the advertising, marketing and sale of products manufactured and/or distributed by defendant Rawlings Sporting Goods Company, Inc. ("Rawlings").[1]

WHEREAS, the parties in the Steiner Action, acting by and through their counsel of record, have agreed, subject to Court approval, to settle the Steiner Action upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court on _____;

WHEREAS, the parties have made an application pursuant to *Federal Ride of Civil Procedure* 23(e) for an order preliminarily approving the Settlement of the Steiner Action in accordance with the Stipulation, which sets forth the terms and conditions of a proposed Settlement of the Steiner Action, and for dismissal of the Steiner Action with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has read and considered the terms and conditions of the Settlement as set forth in the Stipulation, and has read and considered the motion for preliminary approval, the papers and exhibits submitted therewith, and has carefully considered, among other things, the rather unique and novel problems associated with settling a class of this size;

NOW THEREFORE, based upon the Stipulation and other papers on file in this action, the testimony and evidence presented, and all other filings and proceedings herein, and it appearing to the Court that a hearing should be held to determine whether the proposed Settlement described in the Stipulation is fair, reasonable, and adequate;

---

[1] All capitalized terms are as defined in the Stipulation of Settlement unless otherwise indicated.

IT IS HEREBY ORDERED as follows:

1.      For purposes of the Stipulation and Settlement only, the Court finds that the parties have made a sufficient showing for purposes of preliminary approval under Rule 23 of the *Federal Rules of Civil Procedure,* that the Settlement is fair, adequate and reasonable, and therefore the Court further finds that notice to the Settlement Class should proceed and that a Final Approval Hearing should be scheduled as provided for herein.

2.      The Court finds that (a) the Settlement Class Members in the proposed Settlement Class are so numerous as to make joinder impracticable; (b) the claims of plaintiff are typical of the claims of the Settlement Class he seeks to represent; (c) the interests of Settlement Class Members will be, and have been, fairly and adequately represented by plaintiff and his counsel of record in the Steiner Action; (d) a class action is superior to other available methods for the fair and efficient adjudication of the Steiner Action; (e) common questions of law and fact exist as to all Settlement Class Members; and (f) such common questions predominate over any questions solely affecting individual Settlement Class Members.

3.      The Court finds that the requirements for certifying the Settlement Class pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure* have been met and are appropriate under the circumstances of this case.

4.      The Court therefore provisionally certifies a Plaintiff Settlement Class pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure,* defined as: All persons who purchased one or more Rawlings Power Balance products in the United States during the period from July 1, 2010 to the date of this Order (_____, 2013). Excluded from the Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this action, and (c) any and all judges and justices assigned to hear any aspect of this action.

The Court expressly reserves the right to determine, should the occasion arise, whether this action may be certified as a class action for purposes other than settlement, and Defendant retains all rights to assert that the action may not be certified as a class action except for settlement purposes.

5.      The Court approves the plaintiffs' counsel, Donald A. Beshada of Beshada Farnese LLP as "Class Counsel" for the Settlement Class.

6.      The Court approves the notice plan set forth in the Stipulation, and the motion for preliminary approval and Exhibits thereto submitted by Class Counsel. The form and content of the Publication Notice submitted therewith are also approved. The Court finds that the Publication Notice meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7.      The costs of Publication Notice and administration shall be paid by Rawlings.

8.      Dahl Administration is preliminarily appointed as third-party administrator for the Settlement, subject to the terms and conditions of the Stipulation.

9.      The Court shall at a subsequent date approve an Escrow Agent for the Settlement Fund under the Stipulation.

10.     A Final Approval Hearing ("Final Hearing") shall be held on_____, at _____, in Courtroom _____, of the United States District Court for the District of New Jersey, located at _____ to determine:

     (a)    whether the proposed Settlement is fair, just, reasonable and adequate to the Settlement Class on the terms and conditions provided for in the Stipulation, and should be approved by the Court;

     (b)    whether a Final Approval Order and Judgment should be entered by the Court;

     (c)    whether to approve incentive awards for the representative plaintiffs; and

     (d)    whether to approve a request by Class Counsel for attorneys' fees and reimbursement of costs and expenses.

The Court may adjourn or continue the Final Hearing without further notice to Settlement Class Members.

11.     All Settlement Class Members shall be given an opportunity to claim relief as provided for in the Stipulation which shall be paid after the period for asserting Settlement Claims has passed and in accordance with a Final Approval Order.

12.     Any Settlement Class Member may object to the proposed Settlement ("Objector"). Anyone who chooses to object to the proposed Settlement must file a written notice to object. Any Settlement Class Member may appear at the Final Hearing, in person or by counsel, and be heard to the extent allowed by applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, and on the application for an award of attorneys' fees and costs and incentive payments to representative plaintiffs.

A notice of intent to object must also contain: (1) a heading which refers to the Steiner action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case 2:12-cv-02531);  (2) a statement whether the Objector intends to appear at the Final Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witness the Objector may call at the Final Hearing, with the address of each witness and a summary of his or her proposed testimony; and (5) a description of any and all evidence the Objector may offer at the Final Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Hearing, so that proponents of the Settlement have the opportunity to respond to any and all such objections.

13.    Any Settlement Class Member may opt-out of this Settlement by filing a "Request for Exclusion," which must contain (1) a heading which refers to the Action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case No. 2:12-cv-02531); (2) the name of the person who wants to be excluded; (3) the address of that person; (4) if represented by counsel, the name and address of the counsel; and (5) a signature of the person or the counsel representing that person. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in this action.

14.    The right to object or opt out of the proposed Settlement must be exercised individually by a Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. To be effective, a notice of intent to object to or opt out of the proposed Settlement must be (a) postmarked no later than_____, 2013; (b) in compliance with all applicable federal laws and rules; and (c) sent to the following by first-class mail:

(a)    **COURT**:
Clerk of the Court
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

(b)    **CLASS COUNSEL**
Donald A. Beshada
Beshada Farnese LLP
108 Wanaque Avenue
Pompton Lakes, NJ  07442-2102

(c)    **RAWLINGS' COUNSEL**
David S. Osterman, Esq.
Goldberg Segalla LLP
902 Carnegie Center, Suite 100
Princeton, NJ 08540

(d)    **CLAIMS ADMINISTRATOR**
Dahl Administration
6465 Wayzata Blvd
Suite 420
Minneapolis, MN 55426

4

15.    The Court hereby enters the following deadlines and, hearing dates:

_____, 2013: Deadline for substantial completion of the Publication Notice campaign (the parties propose 30 days from the date of the Preliminary Approval Order)

_____, 2013: Deadline for filing the motion for final approval of Settlement and motion seeking award of attorney fees and expenses (the parties propose 120 days after the Preliminary Approval Order)

_____, 2013: Deadline for post-marking objections or requests for exclusions to the Settlement (the parties propose 21 days prior to the Final Hearing)

_____, 2011: Deadline for filing responses to any objections (the parties propose 10 days prior to the Final Hearing)

_____, 2013 at _.m.: Final Hearing (the parties propose 35 days from the deadline for filing the motion for final approval of Settlement)

16.    The parties shall implement the terms and conditions of the Stipulation as they relate to implementing the Publication. Notice and taking all steps required to present the Settlement for approval at the Final Hearing.

17.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Rawlings Actions, or of any liability, fault, or wrongdoing of any kind, related to or arising out of those actions, or any of them.

18.    The Rawlings Actions are hereby stayed, and no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Rawlings asserting any of the Class Released Claims

19.    The Court may adjourn or continue the date of the Final Hearing without further notice to the Members of the Settlement Class, and the Court retains jurisdiction to consider all further applications arising out of or related to the proposed Settlement.

The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated:            , 2013

_____
The Honorable

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

IAN STEINER, Individually and on
behalf of those similarly situated,

**2:12-cv-02531**

### Plaintiff

vs.

**RAWLINGS SPORTING GOODS
COMPANY, INC.,**

**PROPOSED FINAL APPROVAL ORDER AND
JUDGMENT**

Defendant.

### PROPOSED MEMORANDUM OF DECISION

After notice and healing pursuant to law, the Court enters the following Orders and Final

Judgment granting approval of the above class action settlement as follows.

The Parties (as defined below) have jointly moved for an order finally approving their Settlement

and taking certain other actions. Their joint motion for final approval of Settlement (the "Joint Motion")

was heard by this Court on _____, 2013, pursuant to this Court's Preliminary Approval Order

dated _____, 2013. Having heard the Parties, who appeared by their attorneys of record at the

hearing, and after an opportunity having been given to all Settlement Class Members to be heard in

accordance with the Court's Preliminary Approval Order, and having given due consideration to the

Parties' Settlement Agreement dated _____, 2013, including its attached exhibits submitted

with their preliminary approval motion, the Joint Motion, all other papers filed in support of the

Settlement filed by the Parties, the absence of timely objections to the Settlement, the record in this case,

the arguments at the hearing on _____, 2013, and all other materials relevant to this matter, the

Court hereby

finds, concludes, orders and adjudges this _____ day of _____, 2013 as follows:

(1)    The Court has both subject matter jurisdiction and personal jurisdiction as to this

action and all parties, including plaintiff ("Plaintiff"), Settlement Class Members and defendant

Rawlings Sporting Goods, Inc. ("Rawlings") (collectively the "Parties") in the Rawlings Actions.

      (2)     The Settlement Class certified on _____ , 2013 in the Preliminary

Approval Order was defined as follows:

> All persons who purchased one or more Rawlings Power Balance products in
> the United States during the period from July 1, 2010 to _____ 2013.
> Excluded from the Settlement Class are (a) Defendants and their predecessors,
> affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of
> the settling parties in this action, and (c) any and all judges and justices
> assigned to hear any aspect of this action (hereinafter the "Settlement Class").

The Court certifies this action as a class action and finds that the prerequisites for a class action under

Rules 23(a) and (b)(3) of the *Federal Rules of Civil Procedure* have been satisfied in that: (a) the number

of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b)

there are questions of law and fact common to the Settlement Class; (c) the claims of the Court appointed

Representative Plaintiff, are typical of the claims of the Settlement Class represented; (d) the

Representative Plaintiff has and will continue to fairly and adequately represent the interests of the

Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class

predominate over any questions affecting only individual members of the Settlement Class; and (f) a class

action is superior to other available methods for the fair and efficient adjudication of the controversy.

      (3)     The Parties provided notice of this proposed Settlement pursuant to the

Preliminary Approval Order dated_____, 2013.

      (4)     The Court determines that the Publication Notice that has been provided pursuant to the

Settlement Agreement and the Preliminary Approval Order: (a) provided the best practicable notice; (b)

was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the Rawlings Actions, the terms of the proposed Settlement and their right to appear or

object to or exclude themselves from proposed Settlement; (c) was reasonable and constituted due,

adequate and sufficient notice to all persons entitled to receive notice; and (d) fully complied with the

laws and Constitution of the State of New Jersey and the United States Constitution and any other applicable law.

(5)     The Court determines that full opportunity has been given to Settlement Class Members to opt out of the Settlement Agreement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise participate in the fairness hearing on _____; and considering any and all objections that have been received, it has determined that none warrants disapproval of the Settlement Agreement and/or Plaintiff's request for attorneys' fees and expenses.

(6)     The Court has carefully considered the materials before it and has made its independent judgment. Plaintiff and the Settlement Class Members face significant risks in the related actions, the possibility of any greater ultimate recovery in litigation is highly speculative and any such recovery would occur only after considerable additional delay. Moreover, the Parties have reached the Settlement Agreement after significant investigation and extensive arms-length negotiations. It would be necessary to litigate class certification issues, including potential costly appeals in the event of a class certification order, and necessary to continue prosecuting the action through a judgment in the trial courts and, even if successful there, through any appeals Defendant may take, all of which would substantially delay the receipt of benefits, if any were obtained, by the Members of any Settlement Class. Accordingly, having considered the foregoing, the number of Settlement Class Members who have asked to be excluded from the Settlement and the level of opposition to the Settlement agreement and balancing the costs, risks and delay of continued litigation against the benefits provided to the Settlement Class by the Settlement set forth in the Settlement Agreement, the lack of evidence of collusion and based on the Court's own knowledge of the case, the Court finds and concludes that the Settlement is in the best interests of the Settlement Class and is a fair, reasonable and adequate compromise of the claims asserted in the action.

(7)     The Settlement and the terms of Settlement as described in the Settlement agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all Settlement Class Members.

(8)     The parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms.

(9)     The Court dismisses, on the merits and with prejudice, all claims currently pending before it that belong to Settlement Class Members not listed on Exhibit 1, *i.e.*, those Settlement Class Members who did not request exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

(10)    As of this date, all Settlement Class Members not listed on Exhibit 1 to this Order, which Exhibit 1 identifies as the Settlement Class Members who requested to opt out of the Settlement, shall be deemed to be bound by the Final Approval Order and Judgment entered herein and to have released Defendant from all of the Class Released Claims defined in the Settlement Agreement as follows:

any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of *any* nature and description whatsoever, including, without limitation, claims for fraud, violations of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden, that were, have been or could have been, now, in the past, or in the future, asserted in the Steiner Action and Rawlings Actions, or any other actions through the date the Final Approval Order and Judgment is entered, including but not limited to: (i) whether the advertising for Rawlings Power Balance Products constitutes fraud; (ii) whether the advertising of Rawlings Power Balance Products violates any applicable laws, rules or regulations, including but not limited to state or federal laws, rules or regulations; (iii) whether Rawlings or any other person misrepresented the benefits and characteristics of Rawlings Power Balance Products; (iv) whether Rawlings or any other person made false or misleading statements when advertising Rawlings Power Balance Products; (v) whether Rawlings or any other person engaged in fraudulent, unfair or unlawful business practices in. violation of

*California Business & Professions Code* section. 17200, *et seq.* and/or section 17500, *et seq., (vi)* whether Rawlings or any other person violated any provisions of the *California Consumers Legal Remedies Act,* California Civil Code section 1770, *et seq.;* (vii) whether Rawlings or any other person violated any provisions of any state consumer protection law in connection with the sale, advertising and marketing of Rawlings Power Balance Products; and (ix) whether Rawlings or any other person were unjustly enriched.

This release expressly includes any claims that were or could have been asserted in any action against Rawlings. "Class Released Claims" also means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever, including, without limitation, violations of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, knows or unknown, in law or in equity, whether or not concealed or hidden, that could have been asserted in the Steiner Action or Rawlings Actions.

(11)     Upon the Effective Date, Defendant and the Rawlings Released Parties shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally and forever released, relinquished and discharged plaintiffs in the Rawlings Actions, each and all of the Settlement Class Members and all plaintiffs' counsel and their agents from all claims, including all claims for malicious prosecution and unknown claims, arising out of, relating to, or connected with the institution, prosecution, assertion or resolution of the Rawlings Actions or the Class Released Claims.

(12)     Upon the entry of this Final Approval Order and Judgment (a) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all released claims (as defined in the Settlement Agreement and this Final Approval Order and Judgment); and (b) Rawlings (as defined in the Settlement Agreement and this Final Approval Order and Judgment) shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of

whom are hereby permanently barred and enjoined from initiating, asserting or prosecuting against Rawlings or any Rawlings resellers in any federal or state, court, or tribunal, any released claim, except as to those Settlement Class Members listed on Exhibit 1 attached hereto.

(13)    The Court, having considered the petition or motion of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and having considered fully the several factors considered relevant hereby grants the petition and awards to Class Counsel attorneys' fees and expenses in the amount of $ _____ . The Court also awards plaintiff in the Steiner Action, Ian Steiner, an incentive award in the amount of $1,500.  Finally, the Court awards Matthew Goldberg, the named plaintiff in a related action filed against Rawlings in another jurisdiction (*Matthew Goldberg v. Rawlings Sporting Goods Company, Inc.,* Case No. BC488646 (Cal. Sup Ct)), an incentive award in the amount of $1,500.

(14)    All Parties are bound by this Final Approval Order and Judgment and by the Settlement Agreement

(15)    Without affecting the finality of this Final Approval Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members and the execution, consummation, administration and enforcement of the terms of the Settlement Agreement and the terms of this Final Approval Order and Judgment, including entry of any further orders as may be necessary and appropriate.

(16)    The Court finds that during the course of this litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the *Federal Rules Civil Procedure.*

IT IS SO ORDERED.

Dated:_____, 2013

_____
The Honorable

6

# EXHIBIT C

TO: ALL PERSONS WHO PURCHASED ONE OR MORE RAWLINGS POWER BALANCE
PRODUCTS IN THE UNITED STATES FROM JULY 1, 2010 UNTIL _____, 2013.

THIS NOTICE MAY AFFECT YOUR RIGHTS.
<u>PLEASE READ THE COMPLETE NOTICE CAREFULLY.</u>

**IMPORTANT:**   This Notice summarizes the Settlement Agreement between Settlement Class
Members and defendant Rawlings Sporting Goods Company, Inc. ("Rawlings" or "Defendant").[1]
Please read this Notice and any additional information regarding the Settlement carefully.   The
deadline for claimants to register their claim is _____, 20__.

## 1. WHY SHOULD I READ THIS NOTICE?

The purpose of this Notice is to inform you that there is now pending a proposed Settlement in the
United States District Court for the District of New Jersey (the "Settlement") on behalf of Settlement
Class Members who purchased one or more Rawlings Power Balance Products in the United States
between July 1, 2010 until [Date of Preliminary Approval Order] (the "Class Period") in the action titled
*Steiner v. Rawlings Sporting Goods Company, Inc.,* Case No. 2:12-cv-02531 (the "Action").

If you purchased a Rawlings Power Balance Product in the United States during the Class Period, your
rights may be affected by the proposed Settlement. You should read this Notice to determine whether
your rights are affected and the steps necessary to pursue your rights as a Member of the Settlement class.

Judge _____ has determined that this Action should proceed as a class action for purposes
of settlement only, with Ian Steiner ("Plaintiff") as the representative for the Settlement Class, and has
granted preliminary approval of the Settlement.

## 2. WHAT IS THE LAWSUIT ABOUT?

Plaintiff commenced the Action in March 2012. Plaintiff purchased a Rawlings Power Balance Product
during the Class Period. Plaintiff alleges, among other things, that Defendant made false and misleading
statements in connection with the advertising and marketing of Rawlings Power Balance Products, which
induced him to make his purchase.

The Rawlings Power Balance Products involved in this settlement are: Rawlings Power Balance Bracelets
(wristbands) that contain the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram; and
Rawlings Power Balance Non-Bracelet Products including necklaces, batting gloves, catcher's equipment,
and other apparel that contain the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram.

Plaintiff alleges that he relied upon allegedly false and misleading statements made by Defendant
regarding the ability of Rawlings Power Balance Products to provide certain benefits, and that such

---

[1] All capitalized terms are as defined in the Stipulation of Settlement (the "Stipulation" or "Settlement Agreement")
on file with the Court unless otherwise indicated.

statements constitute fraud and violate New Jersey consumer protection laws and that Rawlings was unjustly enriched by making such statements.

Defendant has denied, and continues to deny Plaintiff's claims and allegations.

The Court has not ruled either on the merits of Plaintiff's claims, or on the defenses asserted by Defendant. This Notice does not imply that there has been or that there would be any finding that Defendant is liable for any reason or to any extent, or that any money could be recovered if the litigation were not settled.

## 3.   WHAT IS THE SIZE OF THE SETTLEMENT FUND

~~Rawlings will fund a Settlement Fund of at least $50,000 (the "guaranteed amount") and, if the valid claims~~ exceed $50,000, up to a maximum of $100,000.  If the total value of the valid claims does not exceed the guaranteed amount of $50,000, the unclaimed portion of the guaranteed amount will be distributed to charitable organizations in the following manner: (a) one-third to Babe Ruth for New Jersey; (b) one-third to RBI (Major League Baseball's Revising Baseball in Inner Cities program); and (c) one-third to a consumer protection organization to be agreed to by the Parties in advance of Preliminary Approval.

## 4.   WHEN, WHERE AND WHY IS A HEARING BEING HELD?

The Honorable _____, United States District Court Judge, will hold a hearing in this case on _____, 2013, at _____ a.m., at the United State Courthouse, _____, to decide whether to give final approval to the Settlement, and to consider the attorneys' request for fees, expenses and incentive awards (the "Final Approval Hearing").  The hearing may be continued by the Court without further written notice.

At the Final Approval Hearing, any Member of the Settlement Class affected by the proposed Settlement may, pursuant to this Notice, appear in person or by counsel (at his or her own expense) and be heard to the extent allowed by the Court in support of, or in opposition to, the fairness, reasonableness and adequacy of the Settlement. In order to appear in opposition to the Settlement and to file papers or briefs for consideration by the Court, you must do two things: (A) on or before _____, 2013, file in writing an objection to the Settlement and serve it on the parties indicating (1) a heading which refers to the Steiner Action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case No. 2:12-cv-2531); (2) a statement whether the Objector intends to appear at the Final Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witness the Objector may call at the Final Hearing, with the address of each witness and a summary of his or her proposed testimony, and (5) a description of any and all evidence the Objector may offer at the Final Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Hearing, so that proponents of the Settlement have the opportunity to respond to any and all such objections.

## 5. AM I COVERED BY THE PROPOSED SETTLEMENT?

The Settlement encompasses all persons who purchased a Rawlings Power Balance Product in the United States between July 1, 2010 and [date of Preliminary Approval Order].

The Settlement does not cover persons who purchased counterfeit Rawlings Power Balance Products, purchased Rawlings Power Balance Products before or after the Class Period, or purchased Rawlings Power Balance Products outside of the United States. Also excluded from the Settlement Class are: (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this Action, and (c) any and all judges and justices assigned to hear any aspect of this Action.

The Settlement also does not cover persons who submit a valid Request for Exclusion to the Settlement Administrator by _____, 2013. To be valid, a Request for Exclusion must contain (1) a heading which refers to the Action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case No. 2:12-cv-2531); (2) the name of the person who wants to be excluded; (3) the address and telephone number of that person; (4) if represented by counsel, the name and address of the counsel; and (5) a signature of the person or the counsel representing that person. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in this Action.

## 6. WHAT ARE THE TERMS OF THE SETTLEMENT?

The following is only a summary of the terms and conditions of the Settlement. For more information, you may obtain a copy of the Settlement Agreement from the Settlement Administrator identified in Section 10 below, or by visiting the internet website established for providing information about the Settlement and for online claims applications located at www.Rawl-PBSettlement.com ("Settlement Website").

### A.   Monetary Recovery

If the Settlement is finally approved by the Court, Settlement Class Members submitting Valid Claims will be reimbursed from the Settlement Fund subject to the following terms:

1.  If you make a Valid Claim, return an authentic Rawlings Power Balance Bracelet (wristband) and submit proof of purchase for the bracelet from an authorized seller of authentic Rawlings Power Balance Products, you will be entitled to receive up to 100% of the retail price for the returned bracelet(s), plus shipping costs in the amount of $2.00 per bracelet.

2.  If you make a Valid Claim, return an authentic Rawlings Power Balance Bracelet, but do not submit proof of purchase for the bracelet from an authorized seller of authentic Rawlings Power Balance Products (a list of such sellers will be posted on the settlement website),

3

you will be entitled to receive $16.50 per bracelet, plus shipping costs in the amount of $2.00 per bracelet.

3. If you make a Valid Claim and submit proof of purchase for an authentic Rawlings Power Balance Non-Bracelet Product (necklace, batting glove, catcher's equipment, or other apparel) from an authorized seller of authentic Rawlings Power Balance Products, you will be entitled to receive $10.00 per product.

Rawlings will fund a Settlement Fund of at least $50,000 (the "guaranteed amount") and, if the valid claims exceed $50,000, up to a maximum of $100,000.  If the total value of valid claims submitted by you and other claimants exceeds $100,000, then the amount of reimbursement per product will be adjusted downward on a pro rata basis. If the total value of the valid claims does not exceed the guaranteed amount of $50,000, the unclaimed portion of the guaranteed amount will be distributed to the charitable entities identified in Section 3 above.

### B.      **Rawlings' Future Conduct**

Rawlings agrees to discontinue making certain claims in the marketing and advertising of Rawlings Power Balance products.

### C.      **Conditions of Settlement**

There are various conditions to the Settlement, any one of which could result in termination of the Settlement. One condition of the Settlement is that the Court confirm it as fair, reasonable and adequate and in the best interests of the Members of the Settlement Class affected by the proposed Settlement.

## 7.   WHAT DO I NEED TO DO TO PARTICIPATE IN THE BENEFITS OF THE SETTLEMENT?

If you wish to participate in the Settlement, you must timely complete an online registration form at www.Rawl-PBSettlement.com. Each claimant will be required to provide the following information: i) a U.S. mailing address; ii) a U.S. e-mail address (if applicable); iii) specification of the items being returned; iv) identification as gift or location of place of purchase; v) an affirmation that products were purchased on or after July 1, 2010, and prior to the date of the close of the Class Period. The Settlement Website will list the products eligible for returns as well as all authorized sellers of authentic Rawlings Power Balance Products.

Your interests as a Member of the Settlement Class will be represented by Class Counsel without charge to you. You are not required to hire your own attorney. You will be bound by any judgment approving the Settlement.

**8. HOW DO I GET A REFUND?**

After you register your claim at www.Rawl-PBSettlement.com you will be notified if the Settlement becomes Final. At that time you can return your Rawlings Power Balance Bracelet (with or without proof of purchase) or submit a proof of purchase for your Rawlings Power Balance Non-Bracelet Product by printing out an address label from the Settlement Website and shipping, at your expense, the Rawlings Power Balance Bracelet (with or without proof of purchase) or proof of purchase for your Rawlings Power Balance Non-Bracelet Product. For those returning a Rawlings Power Balance Bracelet, Rawlings will include in your refund a fixed shipping cost of $2.00 per bracelet.

By filing a Valid Claim, each Member of the Settlement Class submits himself or herself to the jurisdiction of the United Stated District Court for the District of New Jersey, for purposes of this Action only, and agrees that the information provided on the claim form may be subject to verification, investigation and further inquiry as may be necessary.

The Settlement Administrator shall determine whether the claim is sufficiently complete for processing whether the returned product is authentic. If information relevant to the claim is incomplete, the Settlement Administrator may request and you must provide any such additional information reasonably available to you, deemed necessary to process the claim. A failure to provide requested information may result in your claim being denied.

**9. WHO REPRESENTS THE PARTIES?**

Counsel for the class ("Class Counsel") is:

Donald A. Beshada, Esq.
BESHADA FARNESE LLP
108 Wanaque Avenue
Pompton Lakes, NJ 07442

Counsel for the defendant is:

David S. Osterman, Esq.
GOLDBERG SEGALLA LLP
902 Carnegie Center, Suite 100
Princeton, NJ 08540-6430

**10. WHO IS THE SETTLEMENT ADMINISTRATOR?**

The Settlement Administrator is:

Dahl Administration

6465 Wayzata Blvd
Suite 420
Minneapolis, MN 55426

**11. WHAT ARE CLASS COUNSEL'S REASONS FOR THE SETTLEMENT?**

Plaintiff, through Class Counsel, has made a thorough investigation into the facts and circumstances relevant to the claims in this case. Class Counsel also has considered the expense and length of time necessary to prosecute the Action through trial and any appeals; the uncertainties associated with the outcome of this or any litigation; and the benefit provided to the Settlement Class by the proposed Settlement. Based upon these considerations, Plaintiff and Class Counsel have concluded that it is in the best interests of Plaintiff and the Settlement Class to settle with Defendant on the terms outlined herein, which were reached after extensive arms-length negotiations, and as more fully set forth in the Settlement Agreement.

**12. HOW WILL CLASS COUNSEL'S FEES AND EXPENSES AND PLAINTIFF INCENTIVE AWARDS BE PAID?**

Attorneys' fees, costs and expenses and any plaintiffs' incentive awards will be paid by Defendant separate from the Settlement Fund.

Defendant has agreed not to oppose an application by Class Counsel for fees, costs and expenses totaling no more than $120,000.  Plaintiff and Defendant will not oppose incentive awards of up to $1,500 for Plaintiff and another named plaintiff in a separate action filed in a different jurisdiction concerning the advertising sale and marketing of Rawlings Power Balance Products.

All attorneys' fees, costs and expenses and any incentive awards must be approved by the Court, and will be considered at the Final Approval Hearing or at any other hearing(s) to be scheduled by the Court.

**13. WHAT IF THE SETTLEMENT IS APPROVED BY THE COURT?**

If the proposed Settlement is approved, it will be binding on Class Members who do not file a valid Request for Exclusion and will forever release Defendant and others including retailers or others selling Rawlings Power Balance Products, from any and all claims, including any claims for damages or equitable relief, arising out of or related to the advertising marketing and sale of Rawlings Power Balance Products, that were or could have been asserted by Members of the Settlement Class affected by the proposed Settlement.

**14. WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT?**

If the Settlement is not approved by the Court as being fair, reasonable and adequate, the Settlement Agreement will be null and void and the parties will be returned to the same positions they occupied prior to execution of the Settlement Agreement.

## 15.  WHERE DO I GET ADDITIONAL INFORMATION?

Additional information is available by going to www.Rawl-PBSettlement.com or contacting Class Counsel. If you wish to communicate with or obtain information from Class Counsel, you may do so by writing to Class Counsel at one of the addresses listed in Section 10 above. **DO NOT CONTACT THE COURT OR COUNSEL FOR DEFENDANT.**

This Notice provides only a summary of matters regarding the case. You may seek the advice and guidance of your own private attorney, at your own expense, if you wish.


BY ORDER OF                                      HONORABLE JUDGE_____
                                                 UNITED STATES DISTRICT COURT

DATED: _____, 2013

# EXHIBIT D

# Consumers May Claim Rawlings Power Balance Settlement Benefits

A settlement has been reached in a class action lawsuit against Rawlings Sporting Goods Company, Inc, ("Rawlings") on behalf of consumers that purchased Rawlings-Power Balance products between July 1, 2010 and [the date of the Preliminary Approval Order].  The products involved in this settlement are: Rawlings Power Balance Bracelets (wristbands) that contain the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram; and Rawlings Power Balance Non-Bracelet Products including necklaces, batting gloves, catcher's equipment, and other apparel that contain the brand name "Rawlings" and a "Power Balance" logo, emblem or hologram. Shortly after "final" court approval of the settlement, Rawlings will distribute refunds to consumers who, depending on the product, return their products or provide proof of purchase.  Eligible consumers of Rawlings-Power Balance products may fill out an on-line claim form.

WHAT IS THIS CASE ABOUT?

The plaintiffs claim that Rawlings violated consumer protection laws and was unjustly enriched by making false and misleading claims to consumers about the Rawlings Power Balance products. Rawlings denies these claims. The Court did not decide in favor of plaintiffs or Rawlings. Instead, both sides agreed to a settlement.

WHAT CAN YOU GET FROM THE SETTLEMENT?

You may request refund for any authentic Rawlings Power Balance Bracelets and or Rawlings Power Balance Non-Bracelet Products that you have purchased since July 1, 2010.  By going to the settlement website you will be able to complete a claim form to register for a refund.  Refunds will be provided as follows:

i. If you make a Valid Claim, return an authentic Rawlings Power Balance Bracelet (wristband) and submit proof of purchase for the bracelet from an authorized seller of authentic Rawlings Power Balance Products, you will be entitled to receive up to 100% of the retail price for the returned bracelet(s), plus shipping costs in the amount of $2.00 per bracelet.

ii.  If you make a Valid Claim, return an authentic Rawlings Power Balance Bracelet, but do not submit proof of purchase for the bracelet from an authorized seller of authentic Rawlings Power Balance Products (a list of such sellers will be posted on the settlement website), you will be entitled to receive $16.50 per bracelet, plus shipping costs in the amount of $2.00 per bracelet.

iii. If you make a Valid Claim and submit proof of purchase for an authentic Rawlings Power Balance Non-Bracelet Product (necklace, batting glove, catcher's equipment, or other apparel) from an authorized seller of authentic Rawlings Power Balance Products, you will be entitled to receive $10.00 per product.

Rawlings will fund a Settlement Fund of at least $50,000 (the "guaranteed amount") and, if the valid claims exceed $50,000, up to a maximum of $100,000.  If the total value of valid claims submitted by you and other claimants exceeds $100,000, then the amount of reimbursement per product will be adjusted downward on a pro rata basis. If the total value of the valid claims does not exceed the guaranteed amount of $50,000, the unclaimed portion of the guaranteed amount will be distributed to charities.

In addition to the monetary claims described above, Rawlings has also agreed to discontinue making certain claims in the marketing and advertising of Rawlings Power Balance products.

HOW DO YOU GET BENEFITS?

Simply go to the website, www.Rawl-PBSettlement.com, no later than [                    ] to fill out a claim form. If the settlement is finally approved by the Court, you will receive notice that you can return your Rawlings Power Balance Bracelet (with or without proof of purchase) or submit a proof of purchase for your Rawlings Power Balance Non-Bracelet Product by printing out an address label.

Claims may be audited and only claimants returning authentic Rawlings products will receive refunds. Products that are determined to be not authentic Rawlings products will not be returned and shipping costs will not be reimbursed.

WHAT ARE YOUR OTHER OPTIONS?

You can request to be excluded from the class by no later than [                    ], by filing a "Request for Exclusion," as explained in the detailed notice at the website below. Persons submitting a valid claim for exclusion shall neither participate in the benefits of the settlement, nor have their claim extinguished upon final approval of the settlement.

You may object in writing no later than [                    ] to any part of the settlement or a request by the lawyers for plaintiffs for fees and expenses of up to $120,000.  The detailed notice explains how to send in an objection. The Honorable [                    ], United States, District Court Judge, will hold a hearing in this case, called Steiner v. Rawlings Sporting Goods Company, Inc., Case No. 2:12-cv-02531, on [                    ], at [                    ], at the United State Courthouse, [                    ], to decide whether to give final approval to the settlement, and to consider the attorneys' request for fees. You or your lawyer may appear at the hearing, at your own cost. If the settlement is approved, Rawlings will be released from liability for all claims associated with the litigation and you won't be able to sue, or continue to sue, Rawlings for that liability. For more details, go to the website below.

www.Rawl-PBSettlement.com

# EXHIBIT E

## Prohibited Claims

Any representation that the Rawlings Power Balance Products improve "balance", "strength", and/or "flexibility".

Any representation that the Rawlings Power Balance Products are "holistic care" or a form of alternative medicine.

Any representation that the Rawlings Power Balance Products improve athletic performance, energy level, or that the products provide any physical or physiological benefit.

Any representation with respect to Rawlings Power Balance Products that the "hologram embedded in the products emits a frequency that reacts with the body's natural energy flow" or that the products otherwise provide a measurable performance advantage.

Any representation that the Rawlings Power Balance Products are "performance technology."

Any representation that the Rawlings Power Balance Products are "founded by athletes" or "created by athletes" or "a favorite among elite athletes".