# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:12-cv-02531-MCA |
| Plaintiff, | Hon. Kevin McNulty<br>Magistrate Judge Madeline C. Arleo |
| v. | Motion Day:  July 1, 2013 |
| RAWLING SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive, | |
| Defendants. | |
| STACY ORLICK, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:13-cv-03231-KM-MCA |
| Plaintiff, | Hon. Kevin McNulty<br>Magistrate Judge Madeline C. Arleo |
| v. | |
| RAWLING SPORTING GOODS CO., INC., a Delaware Corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFF STACY ORLICK'S MOTION TO RELATE AND CONSOLIDATE

SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
James C. Shah
Natalie Finkelman Bennett
475 White Horse Pike
Collingswood, NJ 08107
Phone: (856) 858-1770
Facsimile: (856) 858-7012

[*Additional counsel listed on signature page*]

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

This case arises from false and deceptive advertising by Defendant Rawlings Sporting Goods Company, Inc. ("Defendant" or "Rawlings") relating to its "Rawlings Power Balance Performance Bracelet" (the "Bracelets" or the "Product").  Plaintiff Ian Steiner ("Steiner") filed his putative class action complaint against Rawlings in the Superior Court of New Jersey, Bergen County, on March 27, 2012.  Steiner's case was subsequently removed to this Court on April 27, 2012.  *See Steiner v. Rawlings Sporting Goods Co., Inc.*, Case No. 12-cv-2531-MCA (D.N.J.) (the "*Steiner* Action"), *Steiner* Dkt. No. 1.

Unaware of the *Steiner* Action, Plaintiff Stacy Orlick ("Orlick") filed her putative class action complaint against Rawlings in the Central District of California on August 7, 2012.  *Orlick v. Rawlings Sporting Goods Co., Inc.*, Case No. 12-cv-6787-GHK (RZx) (C.D. Cal.) (the "*Orlick* Action"), *Orlick* Dkt. No. 1.  The *Orlick* Action was transferred to this Court on May 20, 2013 (*Orlick* Dkt. No. 34), was assigned District of New Jersey Case No. 2:13-cv-03231-KM-MCA, and on June 4, 2013, Orlick filed a Notice of Related Case relating the *Orlick* Action to the *Steiner* Action (*Orlick* Dkt. No. 42).

Both actions seek to certify a nationwide class of consumers who purchased Rawlings' Bracelets, alleging, *inter alia*, that Rawlings made false and/or misleading statements in connection with the marketing and sales of the Bracelets.  Because both actions involve common factual questions arising from the marketing and sale of Rawlings' Bracelets, Plaintiff Orlick now moves for relation and consolidation of these cases.  Relation is appropriate under Local Rule 40.1(c), as the *Orlick* Action "grows out of the same transaction(s)" as the *Steiner* Action.  Consolidation is appropriate because the actions involve "common question[s] of law or fact," as required under Fed. R. Civ. P. 42(a).  Indeed, relation and consolidation will promote efficiency and organization and avoid duplication of effort and the possibility of inconsistent rulings.  Relation and consolidation is therefore the most practical means to ensure that the best interests of all class members will be protected.

## II.    PROCEDURAL HISTORY

Plaintiff Steiner filed his Amended Complaint in this Court on May 31, 2012.  Dkt. No. 7 (the "*Steiner* FAC").  Rawlings moved to dismiss the *Steiner* FAC, which motion was to be decided on August 20, 2012.  *See* Dkt. No. 14.  It does not appear, however, that the motion to dismiss the *Steiner* FAC was ever ruled upon.   Plaintiff Orlick filed her First Amended Complaint in the Central District of California on October 18, 2012.  *Orlick* Dkt. No. 8 (the "*Orlick* FAC").  Rawlings thereafter filed a motion to dismiss the *Orlick* FAC on November 8, 2012. *Orlick* Dkt. Nos. 12-13.  On the same day, Rawlings also filed a Notice of Pendency of Other Actions or Proceedings, for the first time informing Plaintiff Orlick of the earlier-filed *Steiner* Action pending before this Court.  *Orlick* Dkt. No. 14.  Rawlings and Plaintiff Orlick went on to fully brief Rawlings' motion to dismiss the *Orlick* FAC, and by order dated February 20, 2013, the Central District of California denied the motion.  *Orlick* Dkt. No. 24.  Rawlings then filed its Answer to the *Orlick* FAC on March 6, 2013.  *Orlick* Dkt. No. 25.[1]

On or about May 16, 2013, Rawlings and Plaintiff Orlick stipulated to transfer the *Orlick* Action to this Court, and also to consolidate the actions, stating that "both parties agree that both the New Jersey action and the California action involve the same defendant, and substantially similar claims, and therefore the convenience of parties and witnesses justifies transfer of the California action to the District of New Jersey."  *Orlick* Dkt. No. 33 (Stipulation to Transfer Action, at 2).  Rawlings and Plaintiff Orlick further noted that both actions "sought to certify a nationwide class of consumers who purchased a Rawlings Power Balance Bracelet." *Id.*  Accordingly, Rawlings and Plaintiff Orlick further agreed and stipulated that the *Orlick* Action "shall be transferred pursuant to 28 U.S.C. 1404(a) to the United States District Court, District of New Jersey **and consolidated with [the *Steiner* Action]**."  *Id.* (emphasis added).

---

[1] After the motion to dismiss was denied, Plaintiff Orlick sent a settlement demand letter to counsel for Rawlings.  Counsel for Orlick did not receive a response to the demand letter; instead counsel for Orlick was informed by counsel for Rawlings in the course of preparing the parties' Rule 26 Joint Report that a tentative settlement had been reached in the *Steiner* Action.

Thus, the United States District Court for the Central District of California, Hon. George H. King, entered an Order transferring the *Orlick* Action to this Court on May 20, 2013. *Orlick* Dkt. No. 34 (Transfer Order). The Order clarified, however, that "the District of [New Jersey] shall determine on its own whether to consolidate [the *Steiner* Action] with [the *Orlick* Action. We leave such decision to the transferee court." *Id.*

Pursuant to Local Rule 40.1(c), on June 4, 2013, Plaintiff Orlick filed a Notice of Related Case, relating the *Orlick* Action to the *Steiner* Action. *Orlick* Dkt. No. 42. While the *Orlick* Action was assigned to the same Judge and Magistrate Judge as the *Steiner* Action, the Court has not yet entered an order deeming the actions related.

## III. RELATION AND CONSOLIDATION WILL PROMOTE EFFICIENCY, AVOID DUPLICATION OF EFFORT AND POSSIBLE INCONSISTENT RULINGS, AND WILL PROTECT THE INTERESTS OF THE PUTATIVE CLASS

### A. Applicable Legal Standards

Local Rule 40.1(c) governs related cases, and provides that cases should be deemed related and assigned to the same Judge to whom the pending related action is assigned where a civil action:

(1) relates to any property included in a case already pending in this Court;
(2) grows out of the same transaction as any case already pending in this Court; or
(3) involves the validity or infringement of any patent, copyright or trademark which is involved in a case already pending in this Court…."

Local Rule 40.1(c) further provides that where relation is appropriate under the rule, "counsel shall at the time of filing the action inform the Clerk of such fact." *Id.*

Rule 42 of the Federal Rules of Civil Procedures governs consolidation, and provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Rule 42 is intended "to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." 9A Fed. Prac. & Proc. Civ. § 2381 (3d ed.).

Consolidation is appropriate in actions involving common questions of law or fact.  *Nanavati v. Burdette Tomlin Memorial Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir. 1988); *Fields v. Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) (same) (citations omitted).

"The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (internal quotation omitted).  The efficiencies of consolidation should be weighed against any potential prejudice it would cause*. A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003) (citing *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) ("a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result")).  Thus, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *A.F.I.K.*, 216 F.R.D. at 570 (citing *In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001)).

Here, relation and consolidation is the most efficient means to litigate these matters, and far from prejudicing any of the parties, as set forth herein, it actually would serve to protect the interests of proposed class members, as described in further detail below.

**B.    The *Orlick* and *Steiner* Actions Present Common Questions of Law and Fact**

Both the *Orlick* Action and the *Steiner* Action allege virtually identical legal claims arising out of identical facts and seek substantially equivalent legal remedies.  Specifically, both actions allege that consumers were misled by Rawlings' marketing and advertising statements concerning the Rawlings Bracelets, including that the Bracelets would provide "balance, strength, and flexibility," and that the" bracelet was designed to work with your body's natural energy field." *See, e.g.*, *Orlick* FAC, ¶20; *Steiner* FAC, ¶4.  With respect to the foregoing, both actions seek restitution, damages, injunctive relief, and related equitable relief against Rawlings on behalf of a nationwide class. *See, e.g.*, *Orlick* FAC, ¶56 & Prayer for Relief; *Steiner* FAC, ¶1 & Prayer for Relief.

Rawlings, itself, has represented that the actions present common issues and should be consolidated, stipulating in the *Orlick* Action that: "both parties agree that both the New Jersey action and the California action involve the same defendant, and substantially similar claims, and therefore the convenience of parties and witnesses justifies transfer of the California action to the District of New Jersey" and, as such, the *Orlick* Action should be transferred to the District of New Jersey and "consolidated with" the *Steiner* Action.  *Orlick* Dkt. No. 33 (Stipulation to Transfer, at 2).  Thus, counsel for Orlick filed a Notice of Related Cases on June 4, 2013, informing the Court pursuant to Local Rule 40.1(c) that the actions: "(i) arise from the same or closely related transactions, happenings or events; (ii) call for the determination of the same or substantially related or similar questions of law and fact; and (iii) would entail substantial duplication of labor if heard by different judges."  *Orlick* Dkt. No. 42.

Further, relation and consolidation of the *Orlick* and *Steiner* Actions is necessary to protect the interests of the proposed class members and to provide justice to the parties. Without consolidation, there will remain separate litigations with competing groups of plaintiffs — a dynamic that Rawlings may attempt to exploit to the detriment of the class by means such as a "reverse auction" pitting the separate plaintiffs against one another in terms of settlement negotiations.  Indeed, as set forth more fully in Plaintiff Orlick's concurrently-filed Opposition to Plaintiff Steiner's Motion for Preliminary Approval, just such a maneuver, along with the added concern of collusion among counsel, appears to have occurred in this case.  Thus, relation and consolidation is necessary help protect the class from such maneuverings.

IV.   **<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiff Orlick respectfully requests that the Court relate and consolidate the *Steiner* Action and the *Orlick* Action.

Dated:  June 14, 2013                        SHEPHERD, FINKELMAN, MILLER & SHAH, LLP

                                             By: */s/ James C. Shah* _____
                                             James C. Shah
                                             Natalie Finkelman Bennett
                                             475 White Horse Pike
                                             Collingswood, NJ 08107
                                             Phone: (856) 858-1770
                                             Facsimile: (856) 858-7012

                                             GLANCY BINKOW & GOLDBERG LLP
                                             Marc L. Godino (*pro hac vice*)
                                             1925 Century Park East, Suite 2100
                                             Los Angeles, CA 90067
                                             Telephone:  (310) 201-9150
                                             Facsimile:   (310) 201-9160

                                             TOSTRUD LAW GROUP, P.C.
                                             Jon A. Tostrud (*pro hac vice*)
                                             1925 Century Park East, Suite 2125
                                             Los Angeles, CA 90067
                                             Telephone:     (310) 278-2600
                                             Facsimile:     (310) 278-2640

                                             *Attorneys for Plaintiff Stacy Orlick and the proposed class*

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO DISTRICT OF NEW JERSEY
ECF AND LOCAL RULES AND BY MAIL
ON ALL KNOWN NON-REGISTERED PARTIES**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 475 White Horse Pike , Collingswood, NJ 08107.

On June 14, 2013, I caused to be served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT PLAINTIFF STACY ORLICK'S MOTION TO RELATE AND CONSOLIDATE**

By posting the document electronically to the ECF website of the United States District Court for the District of New Jersey, for receipt electronically by the parties listed on the attached Court's Service List.

And by **U.S. Mail** to all known non-ECF registered parties: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service.  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 14, 2013, at Collingswood, NJ .

*s/ James C. Shah*
James C. Shah

# Mailing Information for a Case 2:12-cv-02531-MCA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **DONALD A. BESHADA**
  dbeshada@gmail.com,christine@beshadafarneselaw.com

- **HAROLD M HOFFMAN**
  hoffman.esq@verizon.net

- **THOMAS J. O'GRADY**
  togrady@goldbergsegalla.com,dkerley@goldbergsegalla.com

- **DAVID S. OSTERMAN**
  dosterman@goldbergsegalla.com,dkerley@goldbergsegalla.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`