UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, Individually and on behalf of those similarly situated,<br><br>Plaintiff,<br>v.<br><br>RAWLINGS SPORTING GOODS COMPANY, INC.,<br><br>Defendant. | Civil Action No.: 2:12-cv-02531-MCA<br><br>*Order* |

## [~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, the action (the "Steiner Action") currently pending before this Court concerns the advertising, marketing and sale of products manufactured and/or distributed by defendant Rawlings Sporting Goods Company, Inc. ("Rawlings").[1]

WHEREAS, the parties in the Steiner Action, acting by and through their counsel of record, have agreed, subject to Court approval, to settle the Steiner Action upon the terms and conditions set forth in the Stipulation of Settlement (the "Stipulation") filed with the Court ~~on~~

WHEREAS, the parties have made an application pursuant to *Federal Ride of Civil Procedure* 23(e) for an order preliminarily approving the Settlement of the Steiner Action in accordance with the Stipulation, which sets forth the terms and conditions of a proposed Settlement of the Steiner Action, and for dismissal of the Steiner Action with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Court has read and considered the terms and conditions of the Settlement as set forth in the Stipulation, and has read and considered the motion for preliminary approval, the papers and exhibits submitted therewith, and has carefully considered, among other things, the rather unique and novel problems associated with settling a class of this size;

NOW THEREFORE, based upon the Stipulation and other papers on file in this action, the testimony and evidence presented, and all other filings and proceedings herein, and it appearing to the Court that a hearing should be held to determine whether the proposed Settlement described in the Stipulation is fair, reasonable, and adequate *and for the reasons set forth on the record;*

---

[1] All capitalized terms are as defined in the Stipulation of Settlement unless otherwise indicated.

IT IS HEREBY ORDERED as follows:

1. For purposes of the Stipulation and Settlement only, the Court finds that the parties have made a sufficient showing for purposes of preliminary approval under Rule 23 of the *Federal Rules of Civil Procedure,* that the Settlement is fair, adequate and reasonable, and therefore the Court further finds that notice to the Settlement Class should proceed and that a Final Approval Hearing should be scheduled as provided for herein.

2. The Court finds that (a) the Settlement Class Members in the proposed Settlement Class are so numerous as to make joinder impracticable; (b) the claims of plaintiff are typical of the claims of the Settlement Class he seeks to represent; (c) the interests of Settlement Class Members will be, and have been, fairly and adequately represented by plaintiff and his counsel of record in the Steiner Action; (d) a class action is superior to other available methods for the fair and efficient adjudication of the Steiner Action; (e) common questions of law and fact exist as to all Settlement Class Members; and (f) such common questions predominate over any questions solely affecting individual Settlement Class Members.

3. The Court finds that the requirements for certifying the Settlement Class pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure* have been met and are appropriate under the circumstances of this case.

4. The Court therefore provisionally certifies a Plaintiff Settlement Class pursuant to Rule 23(b)(3) of the *Federal Rules of Civil Procedure,* defined as: All persons who purchased one or more Rawlings Power Balance products in the United States during the period from July 1, 2010 to the date of this Order (Oct 11, 2013). Excluded from the Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this action, and (c) any and all judges and justices assigned to hear any aspect of this action.

The Court expressly reserves the right to determine, should the occasion arise, whether this action may be certified as a class action for purposes other than settlement, and Defendant retains all rights to assert that the action may not be certified as a class action except for settlement purposes.

5. The Court approves the plaintiffs' counsel, Donald A. Beshada of Beshada Farnese LLP as "Class Counsel" for the Settlement Class.

6. The Court approves the notice plan set forth in the Stipulation, and the motion for preliminary approval and Exhibits thereto submitted by Class Counsel. The form and content of the Publication Notice submitted therewith are also approved. The Court finds that the Publication Notice meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto, together with internet and social media notice.

7. The costs of Publication Notice and administration shall be paid by Rawlings.

2

8.  Dahl Administration is preliminarily appointed as third-party administrator for the Settlement, subject to the terms and conditions of the Stipulation.

9.  The Court shall at a subsequent date approve an Escrow Agent for the Settlement Fund under the Stipulation.

10. A Final Approval Hearing ("Final Hearing") shall be held on _Jan 27_, at _11:00 a.m._, in Courtroom _2060_ of the United States District Court for the District of New Jersey, located at _50 Walnut Street, Newark, NJ_ to determine:

    (a) whether the proposed Settlement is fair, just, reasonable and adequate to the Settlement Class on the terms and conditions provided for in the Stipulation, and should be approved by the Court;
    (b) whether a Final Approval Order and Judgment should be entered by the Court;
    (c) whether to approve incentive awards for the representative plaintiffs; and
    (d) whether to approve a request by Class Counsel for attorneys' fees and reimbursement of costs and expenses.

The Court may adjourn or continue the Final Hearing without further notice to Settlement Class Members.

11. All Settlement Class Members shall be given an opportunity to claim relief as provided for in the Stipulation which shall be paid after the period for asserting Settlement Claims has passed and in accordance with a Final Approval Order.

12. Any Settlement Class Member may object to the proposed Settlement ("Objector"). Anyone who chooses to object to the proposed Settlement must file a written notice of intent to object. Any Settlement Class Member may appear at the Final Hearing, in person or by counsel, and be heard to the extent allowed by applicable law, in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, and on the application for an award of attorneys' fees and costs and incentive payments to representative plaintiffs.

A notice of intent to object must also contain: (1) a heading which refers to the Steiner action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case 2:12-cv-02531); (2) a statement whether the Objector intends to appear at the Final Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the specific legal and factual basis for each objection; (4) a list of any witness the Objector may call at the Final Hearing, with the address of each witness and a summary of his or her proposed testimony; and (5) a description of any and all evidence the Objector may offer at the Final Hearing, including photocopies of any and all exhibits which the Objector may introduce at the Final Hearing, so that proponents of the Settlement have the opportunity to respond to any and all such objections.

13. Any Settlement Class Member may opt-out of this Settlement by filing a "Request for Exclusion," which must contain (1) a heading which refers to the Action by case name (Steiner v. Rawlings Sporting Goods Company, Inc.) and case number (Case No. 2:12-cv-02531); (2) the name of the person who wants to be excluded; (3) the address of that person; (4) if represented by counsel, the name and address of the counsel; and (5) a signature of the person or the counsel representing that person. Any Settlement Class Member who does not submit a timely written Request for Exclusion will be bound by all proceedings, orders and judgments in this action.

14. The right to object or opt out of the proposed Settlement must be exercised individually by a Settlement Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. To be effective, a notice of intent to object to or opt out of the proposed Settlement must be (a) postmarked no later than __1/16__, 2014; (b) in compliance with all applicable federal laws and rules; and (c) sent to the following by first-class mail:

(a) **COURT**:
Clerk of the Court
United States District Court; District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

(b) **CLASS COUNSEL**
Donald A. Beshada
Beshada Farnese LLP
108 Wanaque Avenue
Pompton Lakes, NJ 07442-2102

(c) **RAWLINGS' COUNSEL**
David S. Osterman, Esq.
Goldberg Segalla LLP
902 Carnegie Center, Suite 100
Princeton, NJ 08540

(d) **CLAIMS ADMINISTRATOR**
Dahl Administration
6465 Wayzata Blvd
Suite 420
Minneapolis, MN 55426

4

15. The Court hereby enters the following deadlines and, hearing dates:

__11/10/13__, 2013: Deadline for substantial completion of the Publication Notice campaign (the parties propose 30 days from the date of the Preliminary Approval Order)

__12/30/13__, 2013: Deadline for filing the motion for final approval of Settlement and motion seeking award of attorney fees and expenses (the parties propose 120 days after the Preliminary Approval Order)

__1/6/14__, ~~2013~~: Deadline for post-marking objections or requests for exclusions to the Settlement (the parties propose 21 days prior to the Final Hearing)

__1/17/14__, ~~2011~~: Deadline for filing responses to any objections (the parties propose 10 days prior to the Final Hearing)

__1/27/14__, ~~2013~~ at __10:00 a.m.__: Final Hearing (the parties propose 35 days from the deadline for filing the motion for final approval of Settlement)

16. The parties shall implement the terms and conditions of the Stipulation as they relate to implementing the Publication. Notice and taking all steps required to present the Settlement for approval at the Final Hearing.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendant of the truth of any of the allegations in the Rawlings Actions, or of any liability, fault, or wrongdoing of any kind, related to or arising out of those actions, or any of them.

18. The Rawlings Actions are hereby stayed, and no Settlement Class Member (either directly, in a representative capacity, or in any other capacity) shall commence or continue any action against Rawlings asserting any of the Class Released Claims

19. The Court may adjourn or continue the date of the Final Hearing without further notice to the Members of the Settlement Class, and the Court retains jurisdiction to consider all further applications arising out of or related to the proposed Settlement.

The Court may approve the Settlement with such modifications as may be agreed to by the settling parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

Dated: __Oct 11__, 2013

_____
Honorable Madeline C. Arleo, U.S.M.J.