UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN STEINER, Individually and on behalf of those similarly situated, | 2:12-cv-02531 |
| Plaintiff | |
| vs. | |
| RAWLINGS SPORTING GOODS COMPANY, INC., | FINAL APPROVAL ORDER AND JUDGMENT |
| Defendant. | |

After notice and hearing pursuant to law, the Court enters the following Orders and Final Judgment granting approval of the above class action settlement as follows.

The Parties (as defined below) have jointly moved for an order finally approving their Settlement and taking certain other actions. Their joint motion for final approval of Settlement (the "Joint Motion") was heard by this Court on April 7, 2014, pursuant to this Court's Preliminary Approval Order entered on October 16, 2013 and subsequent Order dated February 19, 2014. Counsel for the Parties appeared and were heard by the Court. No objectors appeared at the hearing, and there were no objections filed pursuant to the instructions contained in the Court's February 19, 2014 Order. Having given due consideration to the Parties' Settlement Agreement, including its attached exhibits submitted with their preliminary approval motion, the Joint Motion, all other papers filed in support of the Settlement filed by the Parties, Stacy Orlick's January 6, 2014 submission [ECF #41, at 2] filed in advance of the Parties' Motion for Final Approval, the absence of any objections to the Settlement, the record in this case, the arguments at the hearing on April 7, 2014, the fact that no individuals and/or entities appeared at the hearing to offer any objection, and all other materials relevant to this matter, the Court hereby finds, concludes, orders and adjudges this ___ day of _April_____, 2014 as follows (and for the reasons stated on the record on April 7, 2014):

(1) The Court has both subject matter jurisdiction and personal jurisdiction as to this

action and all parties, including plaintiff("Plaintiff"), Settlement Class Members and defendant Rawlings Sporting Goods, Inc. ("Rawlings") (collectively the "Parties") in the Rawlings Actions.

(2) The Settlement Class certified in the Preliminary Approval Order was defined as follows:

> All persons who purchased one or more Rawlings Power Balance products in the United States during the period from July 1, 2010 to October 11, 2013. Excluded from the Settlement Class are (a) Defendants and their predecessors, affiliates, subsidiaries, officers, directors and employees, (b) counsel for any of the settling parties in this action, and (c) any and all judges and justices assigned to hear any aspect of this action (hereinafter the "Settlement Class").

The Court certifies this action as a class action and finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the *Federal Rules of Civil Procedure* have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court appointed Representative Plaintiff, are typical of the claims of the Settlement Class represented; (d) the Representative Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(3) The Parties provided notice of this proposed Settlement pursuant to the Preliminary Approval Order.

(4) The Court determines that the Publication Notice that has been provided pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) provided the best practicable notice; (b) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Rawlings Actions, the terms of the proposed Settlement

and their right to appear or object to or exclude themselves from proposed Settlement; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (d) fully complied with the laws and Constitution of the State of New Jersey and the United States Constitution and any other applicable law.

(5)     The Court determines that full opportunity has been given to Settlement Class Members to opt out of the Settlement Agreement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses, and otherwise participate in the fairness hearing on April 7, 2014; and that no such opt-outs or objections were received by the Court that were consistent with the terms of the Court's February 19, 2014 Order.

(6)     The Court has carefully considered the materials before it and has made its independent judgment. Plaintiff and the Settlement Class Members face significant risks in the related actions, the possibility of any greater ultimate recovery in litigation is highly speculative and any such recovery would occur only after considerable additional delay. Moreover, the Parties have reached the Settlement Agreement after significant investigation and extensive arms-length negotiations. It would be necessary to litigate class certification issues, including potential costly appeals in the event of a class certification order, and necessary to continue prosecuting the action through a judgment in the trial courts and, even if successful there, through any appeals Defendant may take, all of which would substantially delay the receipt of benefits, if any were obtained, by the Members of any Settlement Class. Accordingly, having considered the foregoing, the number of Settlement Class Members who have asked to be excluded from the Settlement and the level of opposition to the Settlement agreement and balancing the costs, risks and delay of continued litigation against the benefits provided to the Settlement Class by the Settlement set forth in the Settlement Agreement, the lack of evidence of collusion and based on the Court's own knowledge of the case, the Court finds and concludes

3

that the Settlement is in the best interests of the Settlement Class and is a fair, reasonable and adequate compromise of the claims asserted in the action.

(7) The Settlement and the terms of Settlement as described in the Settlement Agreement are, accordingly, approved and confirmed as fair, reasonable and adequate to all Settlement Class Members.

(8) The parties are hereby directed to proceed with and implement the Settlement Agreement in accordance with its terms.

(9) The Court dismisses, on the merits and with prejudice, all claims currently pending before it that belong to Settlement Class Members. No Settlement Class Members requested exclusion from the Settlement Class in the time and manner provided for in the Settlement Agreement.

(10) As of this date, all Settlement Class Members shall be deemed to be bound by the Final Approval Order and Judgment entered herein and to have released Defendant and Rawlings Released Parties as defined in Article II Paragraph 23 of the Settlement Agreement from all of the Class Released Claims defined in the Settlement Agreement with respect to Rawlings Power Balance Products as follows:

> any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of *any* nature and description whatsoever, including, without limitation, claims for fraud, violations of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, known or unknown, in law or in equity, whether or not concealed or hidden, that were, have been or could have been, now, in the past, or in the future, asserted in the Steiner Action and Rawlings Actions, or any other actions through the date the Final Approval Order and Judgment is entered, including but not limited to: (i) whether the advertising for Rawlings Power

4

Balance Products constitutes fraud; (ii) whether the advertising of Rawlings Power Balance Products violates any applicable laws, rules or regulations, including but not limited to state or federal laws, rules or regulations; (iii) whether Rawlings or any other person misrepresented the benefits and characteristics of Rawlings Power Balance Products; (iv) whether Rawlings or any other person made false or misleading statements when advertising Rawlings Power Balance Products; (v) whether Rawlings or any other person engaged in fraudulent, unfair or unlawful business practices in violation of *California Business & Professions Code* section 17200, *et seq.* and/or section 17500, *et seq.*, (vi) whether Rawlings or any other person violated any provisions of the *California Consumers Legal Remedies Act*, California Civil Code section 1770, *et seq.*; (vii) whether Rawlings or any other person violated any provisions of any state consumer protection law in connection with the sale, advertising and marketing of Rawlings Power Balance Products; and (ix) whether Rawlings or any other person were unjustly enriched.

This release expressly includes any claims that were or could have been asserted in any action against Rawlings. "Class Released Claims" also means any and all actions, causes of action, claims, demands, liabilities, obligations, fees, costs, sanctions, proceedings, and/or rights of any nature and description whatsoever, including, without limitation, violations of any state or federal statutes, rules or regulations, or principles of common law, whether liquidated or unliquidated, knows or unknown, in law or in equity, whether or not concealed or hidden, that could have been asserted in the Steiner Action or Rawlings Actions.

(11)    Upon the Effective Date, Defendant and the Rawlings Released Parties shall be deemed to have, and by operation of this Final Approval Order and Judgment shall have, fully, finally and forever released, relinquished and discharged plaintiffs in the Rawlings Actions, each

5

and all of the Settlement Class Members and all plaintiffs' counsel and their agents from all claims, including all claims for malicious prosecution and unknown claims, arising out of, relating to, or connected with the institution, prosecution, assertion or resolution of the Rawlings Actions or the Class Released Claims.

(12) Upon the entry of this Final Approval Order and Judgment (a) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all released claims (as defined in the Settlement Agreement and this Final Approval Order and Judgment); and (b) Rawlings (as defined in the Settlement Agreement and this Final Approval Order and Judgment) shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting or prosecuting against Rawlings or any Rawlings resellers in any federal or state, court, or tribunal, any released claim.

(13) The Court, having considered the petition or motion of Class Counsel for an award of attorneys' fees and reimbursement of expenses, and having considered fully the several factors considered relevant hereby grants the petition and awards to Class Counsel attorneys' fees in the amount of $90,000 and expenses in the amount of $3,628.76. The Court also awards plaintiff in the Steiner Action, Ian Steiner, an incentive award in the amount of $1,500. Finally, the Court awards Matthew Goldberg, the named plaintiff in a related action filed against Rawlings in another jurisdiction (*Matthew Goldberg v. Rawlings Sporting Goods Company, Inc.*, Case No. BC488646 (Cal. Sup Ct)), an incentive award in the amount of $1,500.

(14) All Parties are bound by this Final Approval Order and Judgment and by the Settlement Agreement

(15) Without affecting the finality of this Final Approval Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties, including all Settlement Class Members and the execution, consummation, administration and enforcement of

2555367v4                                    6

the terms of the Settlement Agreement and the terms of this Final Approval Order and Judgment, including entry of any further orders as may be necessary and appropriate.

(16)   The Court finds that during the course of this litigation, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the *Federal Rules Civil Procedure.*

IT IS SO ORDERED,

Dated: April 8, 2014

_____
The Honorable Madeline C. Arleo

✱ This case is closed.

7